WILLIAM D. ATKINSON, in error,

*vs.*

PEOPLES' NATIONAL BANK OF WATERVILLE.

Kennebec.    Opinion March 31, 1893.

*Error. Judgment. Record. R. S.. c. 79, § 11; c. 102, § § 7, 8.*

Where the plaintiff in a writ of error submits the case to the law court upon anything less than a full transcript of the extended, unabbreviated record, the writ of error will be dismissed.

ON REPORT.

This was a writ of error to reverse a judgment recovered in the Superior Court, for Kennebec County, against the plaintiff in error by the defendant in error at the December term, 1882. The defendant pleaded *in nullo est erratum*, which was joined by the plaintiff.

The errors alleged are : *first*, the writ in said suit in which judgment was rendered was not signed by the clerk of the Superior Court; and the proceedings are void, having no legal foundation whatever ; *second*, the court rendering said judgment had no jurisdiction to render the same, the process upon which it was rendered being void for want of a legal writ, said writ not having been signed by the clerk of the court which rendered said judgment.

The original writ bears date January 5, 1882, and purported to be signed by W. M. Stratton, who, defendants admitted was not clerk at that time, and whose term of office had expired more than a year previously.

The following docket entries in the original action were offered in evidence subject to the plaintiff's objections.

"*People's Natl. Bank*       v.       *Wm. D. Atkinson.*
Foster,                          L. Greenleaf—Pittsfield.
Feb. T., 1882.
Apr. "   "   — 1 — Dfd, [the dfd. has lines drawn
                                            through it.]
                6 —Plea filed by consent—cont.
June "   "       23 — Dfd. c. f. j. —
Sept. "   "        8 — c. f. j.—
Dec. "   "        1 — Judgt. on motion, Dec 5th.
Dec. T. 1882. Judgt. for ptfs. Damages, $2646 62
                                        Costs, 22 51
                        Exon. iss'd, Dec. 8, 1882."

*D. D. Stewart* for plaintiff.

Counsel cited : *Riggs* v. *Johnson County*, 6 Wall. 187 ; *Suydam* v. *Williamson*, 20 How. 437 ; Story's Pl. 366 ; *Hemmenway* v. *Hicks*, 4 Pick. 497 ; *Ins. Co.* v. *Hallock*, 6 Wall. 556, and cases ; *Coler* v. *Cleburne*, 131 U. S. 162 ; *R. R.* v. *Weeks*, 52 Maine, 458 ; *Davis, ex parte*, 41 Maine, 58 ; *Leach* v. *Marsh*, 47 Maine, 552, and cases ; *Valentine* v. *Morton*, 30 . Maine, 194 ; *Fall River* v. *Riley*, 140 Mass. 488 ; *Jewell* v. *Brown*, 33 Maine, 250 ; *Winchester* v. *Shaw*, 69 Maine, 536 ; *Carlisle* v. *Weston*, 21 Pick. 535 ; *Booth* v. *Com.* 7 Met. 287.

*Heath and Tuell*, for defendants.

Counsel cited : *Austin* v. *Ins. Co.* 108 Mass. 338, and cases ; *Pillsbury* v. *Brown*, 82 Maine, 450, and cases ; *Dennison* v. *Portland Co.* 60 Maine, 519 ; *Parrott* v. *R. R.* 47 Conn. 575 ; *Huntley* v. *Henry*, 37 Vt. 165, and cases.

EMERY, J.   At common law the usual writ of error (*coram vobis*) issued out of the writ office in chancery to the cour whose record in the particular case was to be examined, and commanded that court to send the record and process in the case with all things touching them, (and also to return the writ itself,) into some other court, usually the king's bench, for

examination and judgment. Thus the writ partook of a dual
nature. It operated as a writ of *certiorari* to the inferior court
to send up its record and proceedings in the case, and it also
operated as a commission to the superior court to inquire into
and determine the legality of such record and proceedings.

After the return of the writ with the record and proceedings
of the inferior court, into the superior court, the latter court
issued its own writ of *scire facias* to the defendant in error.
Upon the return of this writ of *scire facias*, the pleadings were
made. The plaintiff assigned errors, and the defendant plead-
ed *in nullo est erratum*, or some other appropriate plea.

If the return made upon the original writ of error did not include
the entire, completed record and proceedings in the case, the
superior court upon the suggestion of either party would issue
a special writ in the nature of a writ of *certiorari* to the inferior
court to send up the omitted portions. The superior court
would also issue this special writ of its own motion in order to
supply omissions and obtain enough to show a valid record.
The pleadings did not properly begin until the entire, completed
record had been obtained.

Under our system of procedure in Maine, the original writ of
error and all the special writs of *certiorari* and also the special
assignments of errors are dispensed with. The proceedings are
begun by the writ of *scire facias* from the Supreme Judicial
Court, in which writ are specified the errors relied upon.
Instead of the writ of *certiorari* to the court to send up its record
and proceedings, the parties procure transcripts of the record
and proceedings, and introduce them as evidence before the
court which is to examine them. R. S., c. 102, § § 7 and 8.
The court, however, has unquestionably the same right as at
common law to insist upon a full transcript of the complete
record and all the proceedings being produced, before hearing
argument and rendering judgment. It may refuse to proceed
until one party or the other produces such transcript.

In this case, the transcript is very fragmentary. The plaintiff
offered only a transcript of an "abbreviated record," such as is
named in § 11 of chap. 79, R. S., together with a copy of the

original process and the officer's return thereon. The defendant offered only a copy of the docket entries and a copy of the pleas. We have repeatedly held that the court will not pronounce a judgment erroneous where only the abbreviated record permitted in § 11, ch. 79, R. S., is produced. *Tyler* v. *Erskine*, 78 Maine, 91; *Lewiston Steam Mill Co.* v. *Merrill*, 78 Maine, 107. That abbreviation may suffice as evidence of a judgment where it is only sought to prove its existence. Where, however, it is sought to re-examine the proceedings and reverse the judgment for error, there must be a full unabridged record made up so that all the proceedings may be seen. Such a record, according to Blackstone, comprises "the original writ, and summons, all the pleadings, the declaration, view or oyer prayed, the imparlances, plea, replication, rejoinder, continuances and whatever other proceedings have been had; all entered verbatim on the roll; also the issue or demurrer and joinder therein." 3 Bl. 317.

Either party can require the clerk of the court to extend the record without abbreviation, and give him a transcript of such complete record.

If such a record were made and presented by transcript in this case, it may appear that the matters specified as errors in the original process and the return thereon, were completely waived and cured by the defendant's appearance and pleading directly in bar to the declaration without interposing any plea in abatement or motion to dismiss. We think, therefore, we should not pronounce judgment upon the record until the complete unabbreviated record is brought before us.

The plaintiff in error has, however, submitted his case upon the transcript and copies produced by him. These as above explained, do not necessarily show any error; hence his writ of error should be dismissed.

*Writ dismissed.   Plaintiff nonsuit.*

All concur.