JOHN M. THOMPSON, Administrator,

*vs.*

WILLIAM W. MASON, et als., Executors.

York.    Opinion November 3, 1898.

*Error.    Costs of Reference.    Exceptions.    R. S., c. 82, §§ 10, 73.    Rule of Court, XXI.*

Where a referee awards costs against a defeated party, and in his report states specifically what items of costs he awarded, whether the award is erroneous or not, is a question of law, and exceptions will lie as a matter of right to the acceptance of the report. But when such a report is accepted, and the defeated party, without fraud, accident or mistake, fails to preserve his rights by taking exceptions to the acceptance of the report, error will not afterwards lie to reverse the judgment against him.

ON REPORT.

A writ of error to reverse the judgment in suit John M. Thompson, Administrator, v. Jeremiah M. Mason, September Term, 1895, Supreme Judicial Court, York county.

The plea, the general issue, with a brief statement.

The case appears in the opinion.

*Edgerly and Mathews* of N. H., *J. O. Bradbury*, with them, for plaintiff.

*N. and H. B. Cleaves and S. C. Perry; F. M. Higgins*, for defendant.

SITTING: PETERS, C. J., EMERY, HASKELL, WHITEHOUSE, SAVAGE, JJ.    STROUT, J., did not sit.

SAVAGE, J.    Writ of error to reverse a judgment in the suit of John M. Thompson, administrator, against Jeremiah M. Mason. The error complained of, if error, is one of law and not one of fact.    We can, therefore, notice only such matters as appear of record.    The transcript of the record is the only competent evidence.    *Lewiston Steam Mill Co.* v. *Merrill*, 78 Maine, 107,    An

examination of the record produced discloses that the action of Thompson against Mason was, by agreement of parties, referred by rule of court; that the referee subsequently made his report to the court, and his report was accepted.

The referee awarded " that the defendant recover and have judgment for the sum of four hundred and twenty-eight dollars and fifty-four cents, being that portion of the costs of this reference which I award (said sum including the defendant's witness fees and that part of the referee's fees which are not paid by the county,) and that he also recover costs, exclusive of witness fees, to be taxed by the court." Judgment was rendered upon the award, for the specific sum awarded by the referee. as costs of reference, and for the costs of court taxed by the court, all amounting to four hundred eighty-nine dollars and ninety-two cents. The plaintiff in error does not complain of the taxation of costs of court by the court, but he insists that it was error for the referee to award against him as a part of the costs of reference so much of the referee's own fees as were not allowed by the court and paid by the county. Revised Statutes, c. 82, § 73, provides that the fees and necessary expenses of referees appointed by agreement of parties, under rule of court, shall be paid by the county, and that the amount thereof shall be fixed by the court. The plaintiff in error contends that under this statute, in the absence of any agreement of the parties, (concerning which in this case the record is silent,) the fees of a referee are limited to the amounts allowed to him by the court, and that a referee has no power to award the recovery of his own fees, or a part of them, against the defeated party. Whether this be so or not is clearly a question of law; and when the report of a referee shows, as it does in this case, that such fees have been awarded against the defeated party, exceptions will lie as a matter of right to the acceptance of the report.

We do not deem it necessary to pass upon the merits of the plaintiff's principal contention, because we are satisfied that under the practice in this state for half a century at least, error will not lie under such circumstances as are disclosed by this record, where a party in court could have had his rights summarily determined by

exceptions, and, without fraud, accident or mistake, has failed to avail himself of them. It is undoubtedly true that formerly, even within the history of this state, courts looked more favorably than now upon writs of error. Practice was more special and technical then than it is now. Many dogmas suited to the genius of former generations have passed into the limbo of discarded doctrines. Notably so are many rules relating to pleading and practice. Modern practice tends more and more to direct and speedy results. More and more it is required of suitors to be diligent in the pursuit of their rights, and more and more the failure to take timely advantage of such remedy as the law affords is deemed to be a waiver. The courts and the people alike realize that it is best that a lawsuit should have an end. This universal sentiment was voiced by the legislature when it declared that no proceeding shall be reversed for error that is by law amendable. Revised Statutes, c. 82, § 10. To the same effect have been the decisions of this court, both as to errors of law and errors of fact.

A judgment will not be reversed on a writ of error for a mistake in casting interest. *Starbird* v. *Eaton*, 42 Maine, 569. In cases where the facts alleged are such as do not affect the validity or regularity of the proceeding itself, and in which a party having a legal capacity to act has had a full and fair opportunity upon legal notice to avail himself of such facts, in a court having competent jurisdiction, but has voluntarily or by his own laches waived his rights in regard to any defense which might have been sustained by them, error cannot afterwards be maintained. *McArthur* v. *Starrett*, 43 Maine, 345; *Starbird* v. *Eaton*, supra. Error will not lie where remedy is afforded by review. *Lovell* v. *Kelley*, 48 Maine, 263. The right of appeal is a bar to writ of error, because it is a more speedy, cheap and convenient mode of correcting errors; and it is difficult to perceive why the same reasoning will not apply with equal force to the right to file exceptions, and why the latter right should not bar a writ of error equally with the former. *Weston* v. *Palmer*, 51 Maine, 73. Error does not lie when the party could have taken exceptions for the same cause and had a summary decision. *Conway Fire Ins. Co.* v. *Sewall*, 54

Maine, 352. Generally, error will not lie when the questions of law raised by the assignment might have been presented to the court in some other form. *Prescott* v. *Prescott*, 59 Maine, 146. The neglect of counsel for plaintiff in error to be present at the acceptance of a report of itself affords no ground for relief. *Denison* v. *Portland Company*, 60 Maine, 519. Nothing of which the party could have taken advantage in the court below can be assigned for error of fact. Nor where he might have appealed. Nor where exceptions might have been taken. *Denison* v. *Portland Company*, supra. Error does not lie when the assigned error might have been pleaded in abatement. *Richmond* v. *Toothaker*, 69 Maine, 451. When remedy for erroneous taxation can be heard by exceptions or appeal, error for its correction will not lie. *Wood* v. *Leach*, 69 Maine, 555. If a mere error of taxation were to be deemed sufficient ground for the reversal of a judgment, the evils resulting from such a doctrine would be incalculable. An irregularity in entering up judgment is not ground for error. *Wood* v. *Leach*, supra. Defects in a declaration that are amendable cannot be reached by writ of error. *Lewiston Steam Mill Company* v. *Merrill*, 78 Maine, 107.

This collation of the expressions of opinion in the decisions of this court shows unmistakably that the rule is settled beyond controversy, that when a party litigant has had his day in court, has had a fair opportunity to raise his questions of law and to preserve his rights by exceptions, but has neglected or omitted to do so, and has stood silently by while his case went to judgment, he cannot afterwards raise the same questions by writ of error. To permit him to do so would be to permit him to take advantage of his own laches, and frequently to the great disadvantage of his adversary.

It is not difficult to apply this rule to the case at bar. The report of the referee was duly filed. It was open to the plaintiff in error to file his objections in writing under Rule XXI. The court might then have recommitted the report, if the justice presiding had deemed the award erroneous, and to rulings thereon in matters of law, exceptions would have lain. Or, as the alleged error appeared upon the face of the report, the rights of the plaintiff in

error would have been fully preserved by simply taking exceptions to the acceptance of the report. He did neither. Whether his failure to act was due to his own remissness, or to his sense of the justice of the report, or as suggested at the argument, because the fees were awarded in pursuance to an agreement of the parties, it is immaterial to inquire. Had he seen fit to do so, every question which he now seeks to raise by his writ of error might have been expeditiously and conveniently raised and determined upon a bill of exceptions, in the original proceeding. It is now too late. He has had his day in court. He must be bound by the judgment.

*Judgment affirmed, with costs for the defendants in error.*