JOSEPH D. MORRILL, in error, *vs.* MARY J. BUKER.

Androscoggin.    Opinion January 11, 1899.

*Error.    Practice.*

A writ of error cannot be sustained when only fragments of a record are produced. In such case, the writ may be dismissed, but the record below should not be affirmed.

ON EXCEPTIONS BY DEFENDANT.

This was a writ in error, wherein the plaintiffs ought to annul a scire facias judgment obtained by the defendant against the plaintiff in the Lewiston Municipal Court.

The case was heard before the presiding justice at the April term, 1898.

The presiding justice ruled that no errors appear of record as alleged in the writ, and ordered the writ dismissed with single costs, and judgment of the court below affirmed.

To this ruling and order the plaintiff excepted.

It appeared that the plaintiff in error, Morrill, a foreman in the shoe manufactory of the National Shoemakers at Lewiston, was summoned as trustee in a suit of Mary J. Buker (the defendant in error), against one William Simpson, an employee of the National Shoemakers, returnable at the February term, 1897, of the Municipal Court for the city of Lewiston.

Not supposing that the process was actually intended to reach him, as he himself was simply an employee of the same concern, Morrill did not answer at the return term of the writ, and was defaulted. Execution thereafter issued on the eighth day of February, 1897. A demand was made upon this trustee within thirty days, and on the 10th day of June, 1897, a writ of scire

facias issued. This writ being returned to court, no appearance was made, and Morrill was defaulted; execution issued, and upon this execution Morrill was cited to disclose; whereupon he brought his writ of error.

Several grounds of error were stated in the writ, but the plaintiff relied especially upon two, viz: the second and third grounds stated in his writ of error.

The second ground is, that by the return of said officer it does not appear that said execution, at the date of the alleged return by said officer, to wit, June 10, 1897, was unsatisfied; nor does it appear by the return of said officer that he was unable to find any property, goods or money of said principal debtor wherewith to satisfy said execution.

The third error specifies that in fact the trustee execution was not returned to the clerk of the Municipal Court for the city of Lewiston, and was not on file with said clerk, as alleged in said writ of scire facias, on the 10th day of June, A. D. 1897, and had not been at the time of the rendition of judgment in the scire facias suit.

*H. W. Oakes,* for plaintiff.

(1) By the provisions of the statute, it is required that, as a condition precedent to the issuance of a scire facias writ, it must be returned unsatisfied. R. S., c. 86, § 67; *Austin* v. *Goodale,* 58 Maine, 109; *Adams* v. *Rome,* 11 Maine, 39.

(2) Transcript of record sufficient: R. S., c. 79, § 11; *Lewiston Steam Mill Co.* v. *Merrill,* 78 Maine, 107. Grounds of error: *Piper* v. *Goodwin,* 23 Maine, 251; *Conway Fire Ins. Co.* v. *Sewall,* 54 Maine, 352.

By suffering judgment by default, a party may admit the justice of the claim, but he does not thereby admit the jurisdiction of the court or the correctness of the proceedings to establish and enforce the claim. He may safely rest upon the assumption that unless the process be legal, and the service sufficient, and the jurisdiction certain, no judgment will be rendered against him; or if from fraud, accident or mistake, a judgment should be erroneously

entered, that the whole may be revised on error.  *Jewell* v. *Brown*, 33 Maine, 250.

*D. J. McGillicuddy and F. A. Morey*, for defendant.

(1.)  It is not necessary for an officer to return an execution into court within three months from its date.  *Robinson* v. *Williams*, 80 Maine, 267 ;  *True* v. *Emery*, 67 Maine, 28.

(2.)  The scire facias writ recites that the execution was returned into court wholly unsatisfied.  The plaintiff in error defaulted to that declaration, and every statement contained in the declaration must be considered true.  If the facts in scire facias writ were not true, then Morrill should have either pleaded in abatement or defended in fact, but he defaulted.  This court has held that "error must appear that party was without fault and could not prevent.  *McArthur* v. *Starrett*, 43 Maine, 345.  Error will not be granted unless incurable error disclosed by the record.  *Warren* v. *Coombs*, 44 Maine, 88.  Discretion of the court in such cases, not revisable in error.  *Lovell* v. *Kelley*, 48˙Maine, 263.

Error does not lie for defects in matter of form.  *Piper* v. *Goodwin*, 23 Maine, 251.

Nor when objection might have been taken by plea in abatement.  *Piper* v. *Goodwin*, 23 Maine, 251.

Nor would writ lie for an error in fact which party might have pleaded.  *Weston* v. *Palmer*, 51 Maine, 73.

Defects in declaration that are proper subjects of amendment cured by default and cannot be reached by writ of error.  *Lewiston Steam Mill Co.* v. *Merrill*, 78 Maine, 107.

SITTING:  PETERS, C. J., EMERY, HASKELL, WHITEHOUSE, STROUT, SAVAGE, JJ.

HASKELL, J.  Error to a judgment of the Lewiston Municipal Court.  The presiding justice ruled that "no errors appear of record as alleged in the writ."  He might well so rule, for no complete record was produced, only fragments of one.  These "do not necessarily show error, hence the writ of error should be dis-

· missed." *Atkinson* v. *Bank*, 85 Maine, 368 ; *Lewiston Steam Mill Co.* v. *Merrill*, 78 Maine, 107 ; *Tyler* v. *Erskine*, 78 Maine, 91.

As a sequence to the above ruling, the presiding justice ordered the writ of error dismissed with single costs. That was a matter of discretion with him. It was analagous to a nonsuit. The pleadings were inartificial and irregular. No issue seems to have been tendered or joined. The order disposed of the case and is not erroneous. It seems to be appropriate, too, for the want of information upon the merits.

The presiding justice also ordered the judgment below affirmed. This is a non sequitur and unauthorized. A writ of error, in our practice, stands by itself like any other common law action. It is not an appeal that brings into the appellate court the original action, so that if the appeal, that is the plaintiff's contention, be dismissed, the decree or judgment below remains to be affirmed, for the whole action has been brought up by the appeal when properly taken ; when not properly taken, the action has not been brought up and the decree or judgment below cannot be affirmed because not razed by the appeal. To be sure, judgment may be given for either party ; but judgment contemplates the retention of the writ as a foundation therefor. Where the writ be dismissed, no other judgment follows. Indeed, the court thereby refuses judgment upon the merits of the action. It refuses to find any other fact than that plaintiff is not rectus in curia.

The order, therefore, affirming the judgment was error, and to this plaintiff's exceptions must be sustained, leaving the writ dismissed with costs and the judgment sought to be reversed untouched.

*Exceptions sustained to order affirming judgment below, otherwise overruled.*