Louis Nissenbaum, Plaintiff in Error

*vs.*

State of Maine.

Penobscot.     Opinion, March 25, 1938.

*Michael Pilot,*
*Shirley Berger,* for plaintiff in error.
*John Quinn,* County Attorney for State, for defendant in error.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

DUNN, C. J.    At the April, 1937, term of the Superior Court, within and for the County of Penobscot, one Louis Nissenbaum was indicted for receiving goods which, to the knowledge of the accused, had been feloniously stolen. On arraignment, he pleaded guilty, and was sentenced to state's prison for not less, as a minimum term, than one year, nor longer, in maximum, than one and one-half years. The convict was committed in execution of sentence.

In vacation, next after the term of court at which he had been sentenced, Nissenbaum brought a writ of error, returnable to that court's September Term, to obtain a correction of the sentence or judgment, on account of mistake or error in law. The form of the writ, and the proceedings thereon are prescribed by statute. R. S., Chap. 116.

Except where conviction is for an offense punishable by life imprisonment, writs of error issue, either from the Superior Court or the Supreme Judicial Court, in criminal as well as in civil cases, as of course. R. S., *supra.* A writ of error is a writ of right. *Levant* v. *County Commissioners,* 67 Me., 429, 433. Those writs operate to delay the execution of sentence only in instances where allowed by a justice of the court, "with an express order to stay all proceedings thereon." R. S., *supra.* Sec. 12.

Subsequent to the suing out of the writ, further execution of the sentence was ordered stayed "until judgment on said writ of error."

On habeas corpus, the plaintiff in error was let to bail.

The assignment in the writ of errors was, in substance, that the plaintiff in error, intaker, after the taking and carrying away in simple larceny, of copper wire, brass, lead and felt, of the aggregate value of $14.60, had, before sentence was imposed on the thief, "restored and made satisfaction to the party injured . . . . for the full value of the property," only to be refused.

Statute provision is that, where restoration of, or full satisfaction for, property stolen, shall have been made, the guilty receiver shall not be condemned to the state prison. R. S., Chap. 131, Sec. 12. The offense of receiving is a distinct and substantive crime in itself, and is not merely accessorial to the principal one of larceny. *Commonwealth* v. *Barry*, 116 Mass., 1.

The county attorney appeared, of docket entry, for the State as defendant in error.

On the case being called for trial, plaintiff in error introduced a single witness, as later also did the defendant, under reciprocal stipulation that, of the facts or occurrences in respect to which they might testify, only such as, in the estimate of the court, should come within legal admissibility, might weigh.

There was no restoration of the stolen articles to the owner.

In gist, the testimony for the plaintiff was this:

The attorney for the now plaintiff in error (at that time respondent,) went to the manager of the mills of the corporation, the Penobscot Chemical Fibre Company, owner of the pilfered junk, and said, in effect: You may have my check for the stuff as the indictment lays its value. The check was declined. The trial court judge was informed of this before pronouncing sentence.

The manager, on the authority of his own testimony, replied that, while the check would be but partial restitution, yet basic reason for declining was that the case was in the hands of the court; hence, no action would be had independent of conference with the county attorney.

The parties consenting, the case was, at the close of all the evidence, (mutual recital as to testimony preserved,) reported to this Court to decide finally.

The testimony had no place.

A writ of error, in our practice, stands by itself like any other

common-law action. *Morrill* v. *Buker*, 92 Me., 389, 42 A., 796. It is the proper remedy for obtaining a correction of errors on the record. *Sayward* v. *Emery*, 1 Greenl., 291. Such writs lie, for errors in law, only for defects evident upon the face of the record. *McArthur* v. *Starrett*, 43 Me., 345 ; *Lewiston, etc., Co.* v. *Merrill*, 78 Me., 107, 2 A., 882.

"Nothing is presented by the writ of error to a court of errors but a transcript of the record." Shepley, C. J., in *Valentine* v. *Norton*, 30 Me., 194. What is not incorporated into the record constitutes no part of it. *Valentine* v. *Norton*, supra. A transcript of the record is the only competent evidence. *Thompson* v. *Mason*, 92 Me., 98, 42 A., 314.

A writ of error is based upon the record facts alone ; facts outside the record are immaterial. *Galeo* v. *State*, 107 Me., 474, 78 A., 867 ; *Welch* v. *State*, 120 Me., 294, 113 A., 737.

What is technically called the record is, essentially, the certified transcript of the written extension by the clerk of the court of the precise history of the original proceeding from its beginning to its termination. *Wood* v. *Leach*, 69 Me., 555 ; *Tyler* v. *Erskine*, 78 Me., 91, 2 A., 845 ; *Atkinson* v. *People's Bank*, 85 Me., 368, 27 A., 255. A record is a memorial of judicial proceedings. *State* v. *Houlehan*, 109 Me., 281, 83 A., 1106.

At common law the record of a judgment was as the judgment roll. Freeman on Judgments, Sec. 75.

Under the ancient authorities, the word "record" signified a roll of parchment. But in our country, paper has universally supplanted parchment as the material for the record. *Nugent* v. *Powell*, 4 Wyo., 173, 20 L. R. A., 199.

In indictments for felonies, clerks shall make extended records of the process, proceedings, judgment and sentence. R. S., Chap. 93, Sec. 11. The sentence is the judgment of the court in a criminal case where there is a conviction. *State* v. *Stickney*, 108 Me., 136, 79 A., 370.

After the caption stating the time and place of holding the court, the record should consist of the indictment properly indorsed, as found by the grand jury ; the arraignment of the accused, his plea, the impanelling of the traverse jury, their verdict, and the judgment of the court. This, in general, is all the record

need state. *McKinney* v. *People*, 7 Ill., 552, quoted with approval in *United States* v. *Taylor*, 147 U. S., 695, 37 Law Ed., 335.

Remarks made by counsel are dehors the record. *Fulmer* v. *Commonwealth*, 97 Pa. St., 503.

Counsel for plaintiff in error quotes from reported decisions in a somewhat different vein.

Statements not special, or particular, are subject to qualifications. Expressions must be considered in the light of the issues determined. *Perkins* v. *Transport Corporation*, (Mich.) 247 N. W., 759.

A record is understood to be conclusive evidence, but whether it is or is not a record is a matter of evidence, and may be proved like other facts. *Brier* v. *Woodbury*, 1 Pick., 362.

Certainly this writ of error cannot be maintained.

All is right on the original record. *Weston* v. *Palmer*, 51 Me., 73, 74.

The writ of error should be dismissed.

*Writ of error dismissed.*