STATE OF MAINE
*vs.*
WALTER W. OSBORNE

Cumberland.  Opinion, August 5, 1947.

*Richard S. Chapman, County
   Attorney,* for State of Maine.

*Elton H. Thompson,
Harry E. Nixon,* for respondent.

SITTING: STURGIS, C. J., THAXTER, MURCHIE, TOMPKINS, FELLOWS, JJ., MANSER, A. R. J.

MANSER, A. R. J. The respondent was arrested upon the charge of operating a motor vehicle while under the influence of intoxicating liquor, and on the following day was brought before the Municipal Court of Brunswick to answer to the charge.

From the record, it clearly appears that the respondent was a man holding a responsible position, intelligent, and at the time of his arraignment, in full possession of his faculties. He pleaded guilty, whereupon the judge of the court imposed the minimum sentence of a fine of $100 and costs which he paid. The court had full jurisdiction of the case and authority to impose the sentence.

Later in the day respondent consulted an attorney who entered an appeal to the Superior Court for Cumberland County. The respondent there filed a motion, addressed to the presiding justice, to be allowed to withdraw the plea of Guilty which he had made in the Municipal Court, and to enter a plea of Not Guilty. Upon hearing, the motion was denied and the case comes up upon exceptions.

Counsel for the respondent had evidently sought no reopening of the case or withdrawal of plea of Guilty in the Municipal Court, or if he had, his effort was without success.

The issues raised are:

1. Can a respondent who has pleaded Guilty and paid the minimum fine imposed by a court of competent jurisdiction, thereafter enter an appeal to the Superior Court?

2. If so, was the denial by the justice of the Superior Court of a motion to withdraw his plea, an abuse of discretion?

The first issue has not been passed upon by our court and as there is some conflict of authority, it merits consideration as to the reasoning, logic and basis of the diverging opinions. As stated in 24 C. J. S., Criminal Law, Sec. 1668:

"The decisions are not uniform as to the right of the accused to review a sentence or judgment imposing a fine which has been paid. According to the weight of authority, however, where accused in a criminal case voluntarily pays the fine imposed on him, he waives his right to an appeal, or to a review by *certiorari.* Under this rule some authorities hold that there is no waiver if the payment of the fine is involuntary, as where the fine is paid under protest to prevent imprisonment under a void sentence, or where it is made under circumstances amounting to duress, or where it is paid by another person without accused's authority; but other authorities take the position that the payment of a fine, even under protest, amounts to an execution of the sentence and, as nothing is left for further controversy, accused is deprived of an appeal."

Cases cited to this text are: ·*State* v. *Schreiber* (Del.) 166 A. 669; *Wilhite* v. *Judy* (Kan.) 21 P. (2nd) 317; *People* v. *Melovicz* (Mich.) 192 N. W. 562; *People* v. *Ortwski* (Mich.) 190 N. W. 239; *Berume* v. *Hughes,* (Tex.) 275 S. W. 268; *King* v. *State* (Tex.) 261 S. W. 1118. The same text will be found in 17 C. J., Criminal Law, Sec. 3327, with many earlier authorities there cited.

In the *Schreiber* case, *supra,* which is on all fours as to the facts with the instant case, the defendant voluntarily paid the fines and costs imposed on him by reason of his plea of guilty, and it was, therefore, held that he had waived his right of appeal. The court also alluded to the contention that the revocation of a driver's license ordinarily follows a conviction of driving while intoxicated, and that the defendant has a right to clear himself of that stigma. It was pointed out that this action is no part of the sentence imposed by the lower court.

The subject is also well treated in an annotation to *State* v. *Cohen,* (Nev.) 201 P. 1027, in 18 A. L. R. 867, in which cases from state and federal courts in many states are cited. This is supplemented by an annotation in 74 A. L. R. 638.

In *State* v. *Westfall*, 37 Iowa 575, the court said:

> "It is inconsistent to yield a voluntary obedience to a judgment of a court, and afterwards appeal therefrom."

Again, in *Commonwealth* v. *Konas*, 57 Pa. Super. Ct. 629, the reasoning of the court is as follows:

> "When a defendant is convicted in a summary proceeding before a magistrate, of an offense of which the magistrate had jurisdiction, and is fined an amount within the limit authorized by the statute or ordinance creating the offense, and voluntarily pays the fine, that is an end of the case."

In *Batesburg* v. *Mitchell* (S. C.) 37 S. E. 36, the court holds that a defendant who has paid the fine imposed, though under protest, cannot appeal, as the payment of the fine must be regarded as putting an end to the case. The court said:

> "There can be no doubt that an appellate tribunal cannot and will not do such a nugatory act as to hear an appeal from a sentence which has already been complied with, for that would be to decide a mere speculative question, and this, it has been frequently held, the court will not do."

In *Lafayette* v. *Trahan* (La.) 102 So. 409, in which motion for a new trial was made after the judgment of the court had been fully executed, the court emphasizes its conclusion as follows:

> "A new trial cannot restore life to him who has been hanged; it cannot set free one who, having served his term of imprisonment, is already restored to liberty; it cannot direct the return of a fine already paid into the fisc; hence such a motion, or an appeal taken from a refusal to allow the same, presents only a *moot question* and must be dealt with accordingly."

The great weight of authority is that a voluntary guilty plea, followed by payment of fine imposed terminates the action and precludes a review of the conviction.

What may be termed the minority view, is in most instances an emphasis favorable to the defendant upon questions of fact when it is shown that a fine was paid with the intent not to waive; in cases where fines were paid under protest or where there was an element of coercion.

The court is in accord with the weight of authority that the present case reached finality upon confession of guilt and voluntary payment of the penalty imposed. There was nothing to appeal from.

There is no foundation in the record to support any claim of fraud, duress or coercion on the part of arresting officers, police officials or on the part of the court, which might justify a determination that the proceeding in the Municipal Court should be declared void.

This is decisive of the case, but it may be added that if the justice of the Superior Court had considered that he had discretion to reopen the case, allow the respondent to withdraw his plea of guilt and proceed to a trial on a not guilty plea, the record of the testimony given by the respondent in support of his motion refutes any claim of abuse of discretion.

*Exceptions overruled.*