EX PARTE HERMAN J. MULLEN

PETITIONER FOR A WRIT OF ERROR

Kennebec.    Opinion, March 7, 1951.

*Jerome G. Daviau,* for petitioner.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, JJ. WILLIAMSON J., did not participate.

MURCHIE, C. J.    This case presents the very narrow issue whether one who has been convicted of a crime not punishable by imprisonment for life, on a plea of *nolo contendere,* has had the sentence imposed on him therefor

suspended, and been placed in the custody and control of a probation officer, is entitled to a writ of error to have the process involved reviewed, if he left the State during the probation term, with the approval of his probation officer, and is not within its borders when his application for the writ is filed.

It is well established that a fugitive from justice is not entitled to institute, or prosecute, appeal or error proceedings. *State* v. *Scott,* 70 Kan. 692, 79 Pac. 126, 3 Ann. Cas. 511; *Wilson* v. *Comm.,* 10 Bush (Ky.) 526, 19 Am. Rep. 76; *Tyler* v. *State,* 3 Okla. Crim. Rep. 179, 104 Pac. 919, 26 L. R. A. N. S. 921, 2 Am. Jur. 988, Par. 235. This principle is no bar to the petitioner, whose absence from the State is not in violation of the terms of his probation.

The fact that the petitioner is under parole does not debar him from the remedy he seeks. R. S., 1944, Chap. 136, Sec. 30 provides expressly that probation does not take from any respondent either his right of appeal:

> "or any right to have his case reviewed or retried under the provisions of law."

Neither is he to be denied the remedy because of his virtual admission of his guilt of the offense charged against him by a plea of *nolo contendere.* Despite a rule to the contrary, generally recognized, according to 2 Am. Jur. 987, Par. 230, one convicted of a crime in this State after a plea of guilty may have the process involved reviewed under a writ of error. *Galeo* v. *State,* 107 Me. 474, 78 A. 867; *Welch* v. *State,* 120 Me. 294, 113 A. 737; *Nissenbaum* v. *State,* 135 Me. 393, 197 A. 915.

This case comes to this court on report, in accordance with established precedent. *Galeo* v. *State, supra; Rell* v. *State,* 136 Me. 322, 9 A. (2nd) 129. Petitioner names the State as an adverse party, but the report is based on the application alone, without service on, or notice to, the State.

According to the terms of the report the case is to be remanded for issuance of the writ, and further proceedings thereon, if the petitioner is entitled thereto. At the present stage the proceeding is *ex parte.*

The petitioner is proceeding under R. S. 1944, Chap. 116, Sec. 12, which declares that writs of error, applicable to judgments in all criminal cases not involving offenses punishable by imprisonment for life (which cases are governed by the preceding section), "shall issue of course." The statute prescribes that applications for the writ:

> "shall be made to the supreme judicial court or to the superior court in the county where the restraint exists, if in session,"

otherwise:

> "to a justice of either of said courts."

Additional provisions authorize the court, or the justice, to stay, or delay, execution of sentence and make orders relative to custody and bail, neither of which is applicable when a petitioner is on probation, and direct that when a writ is issued in vacation it may be returnable before a single justice:

> "and be heard and determined by him, or returnable to said court."

The judgment which the petitioner seeks to have reviewed was entered in Kennebec County. His application for the writ is addressed to a justice of this court residing therein, and was presented to him when no court was in session there. It alleges errors of law in the process sought to be reviewed. Writs of error, so based, are determined on the record of the process challenged, and nothing more. *Welch* v. *State* and *Nissenbaum* v. *State*, both *supra.* The presence of a petitioner before the court or justice to whom his application is addressed, pending issuance of the writ, or thereafter, is not requisite.

In *Smith* v. *State,* 33 Me. 48, 54 Am. Dec. 607; *Galeo* v. *State* and *Rell* v. *State,* both *supra,* the errors alleged involved the sentences imposed for the crimes charged. It was said in the last cited case to be the "right" of the then plaintiff in error to challenge his sentence. In this case the errors alleged relate to the indictment rather than to the sentence. The particular grounds for relief are not material to the present issue. One under the restraint of probation, as well as one confined under a sentence, has the right to test the sufficiency of the process under which he is restrained.

*Case remanded.*