HOWARD T. BRIGGS, PLAINTIFF IN ERROR

*vs.*

STATE OF MAINE

Aroostook.    Opinion, October 19, 1956.

*A. S. Crawford,* for plaintiff in error.

*Roger Putnam, Asst. Atty. General,* for State.

SITTING: FELLOWS, C. J., WILLIAMSON, WEBBER, BELIVEAU, JJ. MURRAY, A. R. J. TAPLEY and CLARKE, JJ., did not sit. WILLIAMSON and WEBBER, JJ., concur specially.

MURRAY, A. R. J.   In this case, a writ of error, the justice before whom it was heard dismissed the writ. To this ruling the plaintiff in error excepted. The case is before this court on the exceptions. The writ assigned the following errors:

1.   The complaint was brought under R. S. 1944, Chapter 19, Section 121, which is now R. S. 1954, Chapter 22, Section 150, charging plaintiff in error with attempting to operate a motor vehicle, to wit: an automobile, while under the influence of intoxicating liquor. Said complaint nowhere alleges any overt act committed by plaintiff in error to constitute such attempt and is insufficient in law.

2.   The complaint alleged no offense committed by plaintiff either at common law or under any statute of the State of Maine.

3.   The court lacked jurisdiction to try and sentence the plaintiff.

Hearing was had in Houlton Municipal Court, respondent was found guilty, sentenced, and appealed to the Superior Court. In Superior Court after hearing, he was again found guilty, sentenced to pay fine and costs, which he has paid.

Later this writ of error issued, and as we have before said, it was dismissed. The record of both the Municipal Court and the Superior Court were before the justice who heard the writ and are before us.

The error which we shall pass upon is that designated by the plaintiff in error as Number 1; if it is sufficient in law, Number 2; and Number 3 would be the only result which could follow.

"Nothing is presented to a court of errors but a transcript of the record." *Nissenbaum* v. *State,* 135 Me. 393-396. "At common law, the record of a judgment was as the judgment roll." *Nissenbaum* v. *State, supra,* Freeman on Judgments, Section 75.

"Writ of error is the proper remedy for the correction of error on the record. Such writs lie, for errors in law, only for defects evident upon the face of the record." *Nissenbaum* v. *State, supra,* Page 396.

The plaintiff in error says that while the Statute is, "Whoever shall operate or attempt to operate a motor vehicle while x x x" and the charge in the complaint is in the words of the statute, that this is not sufficient that "attempt to operate" is setting out a conclusion, and the complaint should set out facts and not a conclusion. In other words, it should state what plaintiff in error did which was an attempt to drive.

He cites many cases which appear to bear out his contention, but they are cases in which somewhat similar defects were taken advantage of by demurrer.

A crime is charged. The words of the statute are used in charging the crime, but the plaintiff in error says the words in the statute do not describe the crime with certainty. At the most, the charge is not made with the certainty to which the plaintiff in error is entitled. He could

have taken advantage of this by demurring, or he could have waived it by going to trial. He chose the latter course, so we are not called upon to decide this as if we were doing so upon a demurrer.

In *State* v. *Thomes,* 126 Me. 163, respondent was charged with larceny. The property stolen, money, was not sufficiently described. Respondent demurred and demurrer was sustained.

In *State* v. *Woodworth,* 151 Me. 235, respondent was charged with embezzlement. He, after verdict, in Law Court argued that no crime was charged, because there was no description of money embezzled. The court held: "The absence of an allegation in this indictment of a particular description of the money alleged to have been the subject of embezzlement does not vitiate the indictment as this omission was cured by verdict," and court sites 27 Am. Jur. Section 191, Page 736, and further said, "It is equally well settled, however, that defects which are merely matters of form and not of substance, ambiguities, etc., in an indictment or information are cured by verdict; objection to such defects if made after verdict, come too late, regardless of the fact that they might have rendered the indictment bad had they been seasonably taken."

1. We hold that what plaintiff in error points out as error is, at most, uncertainty and has been cured by verdict.

2. That the plaintiff alleges an offense, and attempt to drive an automobile, etc.

3. That the court had jurisdiction to try and sentence the plaintiff in error.

*Exceptions overruled.*

CONCURRING OPINION

WILLIAMSON, J. I concur in the result but am unable to agree with the reasons on which the court places the decision.

The issue of the case, it seems to me, is this: Did the criminal case of State against Briggs, plaintiff in error, become moot upon the voluntary payment of fine and costs? The single justice in dismissing the writ answered the question in the affirmative. The court, in grounding the decision on the merits of the writ, has, as a prior step, necessarily answered the question in the negative.

On the pleadings before the justice and on the exceptions, the issues discussed and decided by the court were not, in my view, before us.

The writ came before the justice on a motion to quash. The State asserted—and there is no dispute upon the facts —that the record showed that the plaintiff in error had paid the fine and costs and that there was no sentence pending or any other form of restraint that the court could correct, recall, or annul.

In the bill of exceptions we find an agreement of counsel that a plea of *in nullo est erratum* was to be considered as filed in the event that the motion to quash was denied. The dismissal of the writ on the motion is equivalent to the granting of the motion. Hence there is no plea of "no error" in the case, and yet the opinion of the court appears to be based upon consideration of such a plea.

In his written opinion dismissing the writ, the justice said, in part:

> "The State's motion to quash raises the question as to the plaintiff's right to proceed by writ of error in view of the record in the case."
>
> * * * * *
>
> "The plaintiff was tried by jury, found guilty and as a result of this finding was sentenced to pay a fine and costs. This he paid and in so far as the record is concerned, without objection. He now says that the sentence was improper and seeks relief. A writ of error is in its nature similar to an appeal and although there are no cases in Maine

directly concerning a writ of error involving the exact question here being considered, there is, however, the case of *State* vs. *Osborne,* 143 Me. 10, in which our court agreed with the weight of authority that an appeal from a sentence which had been complied with will not be entertained as a respondent, when he voluntarily pays a fine, brings to an end the case and there is nothing remaining from which to appeal. In conclusion, I find that the plaintiff in error was not at the time of instituting the writ under actual or technical restraint and that by his own act he has satisfied the sentence and judgment so that there is no judgment upon which a writ of error could operate.

"In view of this conclusion, there remains no necessity to consider the validity of the complaint."

Plainly the merits of the writ were not touched upon by the justice. The court, however, as I read the opinion, in acting upon exceptions limited necessarily to the dismissal of the writ on a motion to quash, passes upon the errors asserted in the writ. On the theory so expressed, it seems to me the exceptions should be sustained, not overruled, and the case remanded for hearing and decision below on the merits. In my opinion, however, the justice correctly dismissed the writ on the grounds stated by him, and so I would uphold his decision by overruling the exceptions.

The case finally comes to this, as I see it: Is the rule of *State* v. *Osborne,* 143 Me. 10, 54 A. (2nd) 526, to stand or to be overruled? On the facts in *Osborne* we held that on voluntary payment of fine and costs the case ended. The court carefully considered the problem, noted the views in other jurisdictions, and anchored our law to the weight of authority. On page 14, the court said:

"The court is in accord with the weight of authority that the present case reached finality upon confession of guilt and voluntary payment of the penalty imposed. There was nothing to appeal from."

There are differences, readily apparent, between appeals from municipal courts to the Superior Court, as in *Osborne,* exceptions and motions directed to the Law Court, and writs of error. From my study I am unable to discover any principle, however, that would yield a different result because the instant case involves a writ of error.

The underlying reason is that on carrying out of the sentence, whether it be payment of fine or completion of imprisonment or restraint, the litigation is ended, and thereafter action, as here by writ of error, is directed not to an existing but only to a moot case.

This view is strengthened by *ex parte Mullen,* 146 Me. 191, 79 A. (2nd) 173, in which the petitioner sentenced upon a plea of *nolo contendere* and on probation, was outside of the State with the sanction of the probation officer. It was held on report that the petitioner was entitled to the writ, and the case was remanded to the justice for its issuance. The court said, "One under the restraint of probation, as well as one confined under a sentence, has the right to test the sufficiency of the process under which he is restrained."

The emphasis placed upon restraint is significant. The applicability of the well recognized prohibition against action by a fugitive from justice was admittedly not in issue. If an exsting restraint was not a *sine qua non* for issuance of a writ of error, the court, it would seem, could without more have ordered the writ to issue.

A strong argument may be made for the minority rule under which the writ of error in the instant case would be open to consideration on the merits. The principle is precisely stated by Justice Holmes in *Commonwealth* v. *Fleckner* (Mass.), 44 N. E. 1053. See also *Barthelemy* v. *People* (N. Y.), 2 Hill 248, 255. The opportunity for a man at all times to clear his record is of course of great value. Against

this must be weighed the advantage to the State that litigation be ended at some stage.

The plaintiff in error argues that as a consequence of his "erroneous conviction" he has been damaged by the mandatory loss of his operator's license, and that if he should again stand convicted of driving under the influence of liquor, he would suffer enhanced punishment under the statute. Compare *U. S.* v. *Morgan,* 346 U. S. 502, 74 S. Ct. 247 (second offender case).

It is sufficient answer, as I see it, to say that when and if an outstanding criminal record is shown to handicap a person, he will not be precluded from testing its legality solely on the ground that the case is moot. At that point the case will not be closed. It will again have life in relation to another case or transaction. We are not here considering other reasons, such as limitations of time, which might prohibit the use of a writ of error.

In the present instance there is nothing to indicate that the petitioner is harmed in any way by the record, assuming it shows an unlawful conviction. There is neither allegation nor proof that he is thereby deprived of an operator's license, or that he is subject to additional punishment as a second offender.

It is not shown that he is suffering any loss or damage from the outstanding record, assuming error, apart from loss or damage to his general reputation. Such loss or damage under the majority rule is not sufficient cause to reopen the case.

In conclusion, I am of the view that the *Osborne* case is controlling and that any change in the rule therein expressed should come from the legislature and not the court. See 24 C. J. S., Criminal Law, § 1668; 2 Am. Jur., Appeal

and Error, §§ 230, 231, 232; Annotations 18 ALR 867 and 74 ALR 638; cases cited in *Osborne, supra.*

Justice Webber authorizes me to state that he joins in this concurring opinion.