STATE of Maine

v.

Charles LEWIS.

Supreme Judicial Court of Maine.

Oct. 9, 1979.

---

Before McKUSICK, C. J., and WERNICK, ARCHIBALD, GODFREY, NICHOLS and GLASSMAN, JJ.

ARCHIBALD, Justice.

After a non-jury trial in the Superior Court for the violation of a City of Eastport ordinance, the defendant was found guilty and sentenced to pay a fine of $25.00. The docket discloses these entries:

12/27/78   Judgment entered: It is adjudged that the defendant is guilty of the offense of Maintaining Automobile Junkyard (City Ordinance) as charged and convicted. [fine of $25.00 imposed].

12/29/78   Notice of Appeal filed.

12/29/78   Fine in the amount of $25.00 paid.

Rule 38(a)(2), M.R.Crim.P.,[1] then provided:

A sentence to pay a fine . . . *shall be stayed by the Superior Court upon request of the defendant* if an appeal is taken and if he shall deposit the whole of the fine . . . with the clerk of the Superior Court or shall be admitted to bail. If the judgment is reversed, the clerk shall forthwith refund to the defendant, or to such person as he shall direct, any funds deposited to cover the defendant's fine . . .. If the judgment is affirmed, the funds so deposited shall be applied by the clerk in payment of the fine . . .. The clerk shall forthwith notify the defendant that such application has been made and the fine . . . paid in full.

(emphasis supplied).

The notice of appeal contains only this relevant language:

Appellant . . . hereby serves Notice of Appeal from judgment of the Superior Court, rendered on December 27, 1978, at Machias, . . .."

There was no request that the Superior Court stay the execution of the sentence, nor was there any order of the Superior Court so mandating. In short, the appellant paid his fine without obtaining any

---

Michael E. Povich, Dist. Atty., Genevieve Stetson (orally), Asst. Dist. Atty., Machias, for plaintiff.

Charles A. Lewis, pro se (orally).

1. Effective April 16, 1979, this rule was "deleted and replaced." The new Rule 38(a)(2), however, is, with minor exceptions, identical to the one replaced.

court order to stay its execution pending appeal.

We have consistently held that the voluntary payment of a fine terminates the action and leaves nothing upon which an appeal might operate.[2] *State v. Madden*, Me., 357 A.2d 516, 518 (1976); *State v. Osborne*, 143 Me. 10, 14, 54 A.2d 526, 528 (1947); *see Briggs v. State*, 152 Me. 180, 187, 126 A.2d 563, 566 (1956) (Williamson, J., concurring).

■ Rule 38(a)(2) in non-technical language sets out all necessary procedure to perfect an appeal. By its terms only the court can stay the execution of a sentence. A respondent has no right to accomplish that result unilaterally by the expedient of paying the assessed fine after he has appealed. Furthermore, the directives to the clerk for handling the money deposited have important significance. If an appeal is denied, for example, the clerk by mere administrative action can apply the funds to the payment of the fine. If the contrary result is reached, the clerk, again as an administrative procedure, shall forthwith refund to the defendant the funds deposited.

The real significance of this rule is more apparent when read in conjunction with the statutes enacted since the State assumed financial responsibility for court expenses. In 1975,[3] for example, 15 M.R.S.A. § 1902[4] was repealed and replaced with a new section 1902, mandating: "All fines, forfeitures and costs in criminal cases shall be paid into the [State] Treasury." Likewise,

4 M.R.S.A. § 556 was amended by P.L.1975, ch. 735, § 11, to require the clerk of the Superior Court to pay "all moneys which he receives" to the Treasurer of State, and to do so "within 30 days after they are received by him." Additionally, section 556, as amended, on neglect of the clerk to so pay requires the clerk to pay "25% interest thereon until paid" and also provides: "Upon the . . . Treasurer of State's notice of any known delinquency, the clerk's bond shall then be sued."

When viewed in its totality this statutory frame work underscores the importance of judicial intervention in ordering the stay of execution of a fine pending appeal under Rule 38(a)(2), M.R.Crim.P. The clerk is protected from any accusation of neglect in remitting the fine to the State Treasurer. With court authorization an appellant has the advantage of using potential funds to pay the fine in lieu of bail with the assurance that without any administrative red tape he will have his money returned in the event of a successful appeal. In short, we perceive valid reasons for the requirement of Rule 38(a)(2) that a stay order by the Superior Court issue.

■ To revert to the facts here, the docket is clear that the fine was "paid." No stay order was issued. It is not being hypertechnical, therefore, to apply the holding in *State v. Madden* to this appellant. The payment of the fine left nothing on which this appeal could operate.[5]

---

2. At his own election the appellant appeared pro se in both the District and Superior Courts. He voluntarily executed a waiver of jury trial. The Rules make no special provisions for defendants appearing voluntarily without counsel.

3. P.L.1975, ch. 735, § 15–A.

4. This statute provided:
   All fines, forfeitures and costs in criminal cases shall be paid into the treasury of the county where the offense if prosecuted for the use of such county, and all the costs and expenses attending the administration of criminal justice therein shall be paid by said county . . . .

5. Mr. Lewis's basic argument was that the Eastport ordinance is invalid on its face primar-

ily because it includes the word "unregistered" in its definition of an automobile junkyard, whereas, the enabling act does not include such an adjective. 30 M.R.S.A. § 2451–B defines an automobile graveyard as "a yard, field or other area used as a place of storage . . . for 3 or more unserviceable, discarded, worn-out or junked motor vehicles." Although it would have been appropriate to have used "unserviceable" rather than "unregistered," the Eastport ordinance does incorporate the concept of "discarded or junked vehicles." Additionally, Lewis argues, the enabling act proscribes the storage of "3 or more" such vehicles, whereas the Eastport ordinance proscribes the occupation of such a yard by "two or more vehicles." Since 30 M.R.S.A. § 2454(5) authorizes a municipality to "apply more stringent restrictions, limitations and conditions in any permit for an

The entry is:

Appeal dismissed.

POMEROY, J., did not sit.

automobile graveyard . . . adjacent to any highway," and since the complaint in this case alleges that Mr. Lewis maintained such a yard "on 41 Third Street" in which there were "2 or more unregistered, discarded or junked motor vehicles," the complaint when juxtaposed against the ordinance is not subject to facial disability, the ordinance itself not being facially invalid.

Mr. Lewis's collateral argument that the effect of the ordinance was an unconstitutional taking of his property overlooks the fact that private property is held subject to the implied condition that its use will not injure or impair the public interest. *Ace Tire Co. v. Municipal Officers of Waterville*, Me., 302 A.2d 90, 97 (1973).