1997 ME 184

**STATE of Maine,**

v.

**Louise SNOWMAN.**

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 22, 1996.

Decided Aug. 8, 1997.

---

Geoffrey Rushlau, District Attorney, Patricia A. Mador, Asst. Dist. Atty., Wiscasset, for State.

William M. Avantaggio, Howard & Bowie, Damariscotta, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, DANA and LIPEZ, JJ.

DANA, Justice.

[¶ 1] Louise Snowman appeals from the judgment entered in the Superior Court (Lincoln County, *Perkins, J.*) affirming the judgment entered in the District Court (Wiscasset, *Westcott, J.*) finding her guilty of disorderly conduct (Class E), 17–A M.R.S.A. § 501(3) (1983), *amended by* P.L. 1995, ch. 258, § 1.[1] Snowman argues the District Court erred by concluding the statute did not require a contemporaneous order to cease. We conclude that the case is moot and dismiss the appeal.

[¶ 2] Louise Snowman was arrested on November 2, 1993, and charged with disorderly conduct. While the case was pending, she was arrested and charged again with disorderly conduct on May 10, 1994. The cases were consolidated for trial, and she was found not guilty of the first charge, but guilty of the second charge. She was sentenced to 15 days in the county jail, all suspended, and one year probation commencing on December 2, 1994. She brought an appeal in the Superior Court which affirmed the judgment.

[¶ 3] The only issue we address is the State's contention that because Snowman completed her one-year term of probation on December 1, 1995, nothing remains on which her appeal may operate and the matter should be dismissed. Snowman argues she has a criminal conviction on her record and that we may act on that conviction alone. Because Snowman voluntarily satisfied her sentence, we decline to act solely on her conviction.

[¶ 4] In *State v. Osborne,* 143 Me. 10, 54 A.2d 526 (1947), we concluded that the defendant's voluntary payment of a fine mooted his appeal. We cited with approval cases from other jurisdictions that concluded courts should avoid deciding a "mere speculative question," and that it was "inconsistent" for a defendant to "yield a voluntary obedience to a judgment of a court, and afterwards appeal therefrom." *Id.* at 13, 54 A.2d at 527 (citations omitted). Since deciding *Osborne,* we have adhered to its holding. *See State v. Haskell,* 492 A.2d 1265, 1266 (Me.1985); *State v. Lewis,* 406 A.2d 886, 888 (Me.1979); *State v. Madden,* 357 A.2d 516, 517–18 (Me.1976). These decisions comport with those of numerous other courts that have considered the same question. *See* J.P. Ludington, Comment Note, *When Criminal Case Becomes Moot so as to Preclude Review of or Attack on Conviction or Sentence,* 9 A.L.R.3d 462 (1966 & Supp.1996).

[¶ 5] The rationale underlying *Osborne* is the practical notion that courts should not give gratuitous advice and litigation should be brought to a final conclusion. When drawing the line between these practical values and clearing a defendant's record, we look to the actions of the defendant. Here, Snowman's probationary term was automatically stayed pending her appeal pursuant to M.R.Crim.P. 38, but was reinstated at her request. Snowman's request demonstrates that she voluntarily accepted her sentence. In such circumstances prudential considerations of finality and judicial economy prevail over a defendant's desire to clear her record.

---

1. 17–A M.R.S.A. § 501(3) (1983), amended by P.L. 1995, ch. 258, § 1, provides: "[A person is guilty of disorderly conduct if, i]n a private place, he makes loud and unreasonable noise which can be heard as unreasonable noise in a public place or in another private place, after having been ordered by a law enforcement officer to cease such noise."

See State v. Irish, 551 A.2d 860, 861–62 (Me. 1988) ("The test generally used to determine mootness is whether there remain sufficient practical effects flowing from the resolution of the litigation to justify application of limited judicial resources.") (quotation omitted) (alteration omitted).

The entry is:

Appeal dismissed.

