JOSEPH RIDLON *et al. vs.* CHARLES H. CRESSEY and trustees.

Cumberland, 1875.—June 6, 1876.

*Attachment. Insolvency.*

Prior to the passage of the act of 1875, c. 39, an attachment of real estate was dissolved by the death of the debtor and a decree of insolvency; and attachments already dissolved were not restored by that act.

An act that should undertake to restore an attachment already dissolved, where the property had been conveyed to a *bona fide* purchaser, would be unconstitutional and void.

R. S., c. 66, §§ 16 and 17, and act of 1875, c. 39, construed.

ON EXCEPTIONS from the superior court.

ASSUMPSIT. The real estate of the defendant was attached on the writ, and subsequently by him conveyed by deed of warranty. The action was defaulted, December term, 1870, and continued for judgment. The death of the defendant was suggested, December term, 1874. Emeline Cressey, administratrix, appeared January term, 1875, and suggested the insolvency of the estate, which had, on the same month, been duly decreed insolvent by the probate court. The plaintiffs thereupon filed a motion, representing "that upon the writ in said case, there is a legal and subsisting attachment of real estate, made during the lifetime of said intestate, Charles H. Cressey, which real estate said Charles sold or conveyed after said attachment, and subject thereto, and no title or interest thereto, was in said Charles at the time of his death, and the same cannot become assets belonging to his estate, to be distributed among his creditors. They therefore pray for judg-

ment to be entered, and execution to issue, in the same form as if the estate were solvent, for the purpose of levying the same on the said real estate thus attached."

The presiding judge allowed the motion, and the defendants excepted.

*G. B. Emery*, for the defendant.

*S. C. Strout & H. W. Gage*, for the plaintiffs.

WALTON, J. Execution cannot issue in this case, as prayed for. The judgment, if one is rendered, must be satisfied in the manner provided in cases of appeal; that is, it must be entered on the list of debts entitled to dividends; it cannot be satisfied by a levy on real estate. R. S., c. 66, §§ 16 and 17. The decree of insolvency dissolved the attachment. R. S., c. 81, § 65. *Bullard* v. *Dame*, 7 Pick., 239. *Parsons* v. *Merrill*, 5 Metc., 356. And the act of 1875, c. 39, did not restore it for two reasons; first, the action was then pending, and actions pending at the time of the passage of an act, are not affected by it. R. S., c. 1, § 3; second, an act that should undertake to restore an attachment already dissolved, and where the property had been conveyed to a *bona fide* purchaser, would be unconstitutional and void. And we may add, that there is nothing in the act showing any intention on the part of the legislature, that it should have a retrospective effect.                    *Exceptions sustained.*

APPLETON, C. J., BARROWS, DANFORTH, VIRGIN and PETERS, JJ., concurred.