GEORGE HAYNES, PETITIONER
FOR WRIT OF HABEAS CORPUS
*vs.*
ALLAN L. ROBBINS, WARDEN
MAINE STATE PRISON

Knox. Opinion January 22, 1962.

*Christopher S. Roberts,* for plaintiff.

*Richard A. Foley, Asst. Atty. Gen.,* for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, DUBORD, SIDDALL, JJ.

TAPLEY, J. On report on agreed statement of facts. This is a procedure in habeas corpus. The petitioner is serving a sentence in the Maine State Prison of not less than 2½ years nor more than 5 years. This sentence was imposed upon him as a result of having been convicted on an indictment charging the crime of threatening by oral communication to injure the persons and property of others. The statute upon which the prosecution was based is Sec. 27, Chap. 130, R. S., 1954, and reads as follows:

> **"Threatening communication.**—Whoever makes, publishes or sends to another any communication, written or oral, containing a threat to injure the person or property of any person shall be punished by a fine of not more than $500 or by imprisonment for not more than 5 years, or by both such fine and imprisonment; and if the communication is written and is anonymous or signed by any other than the true name of the writer, the punishment shall be a fine of not more than $1,500 or imprisonment for not more than 10 years, or by both such fine and imprisonment; and if any such threat is against the person or property or member of the family of any public official, the punishment shall be imprisonment for not more than 15 years."

The case was tried at the September Term, 1959 of the Superior Court, within and for the County of Penobscot. At the time of the trial the petitioner was represented by court appointed counsel. The jury returned a verdict of guilty, whereupon the respondent was sentenced. It is not until

now that the petitioner attacks the sufficiency of the indictment upon which he was convicted.

The pertinent portion of the agreed statement of facts is as follows:

"The petitioner contends that the indictment states no crime as defined by any law or statute of the State of Maine; that the indictment is a nullity and the conviction and sentence thereunder is illegal and void and his imprisonment thereunder unlawful.

"The respondent contends the indictment states a crime as defined in R. S., Chap. 130, Sec. 27, that he was duly tried by a jury and found guilty and that the conviction, sentence and imprisonment is legal and lawful.

\* \* \* \*

"The case is reported on the petition for the writ, the indictment and docket entries of the original case marked Exhibit A hereto annexed, and the mittimus aforesaid marked Exhibit B, the facts taken out at hearing and docket entries and entire record of the case at bar.

"If the contentions of the petitioner are sustained a writ of habeas corpus is to be issued and the petitioner released from imprisonment; if the contention of the respondent is sustained the petition is to be dismissed."

Counsel for the petitioner contends, (1) that the indictment states no crime, as defined by statute; (2) that the indictment is a nullity and the conviction and sentence thereunder is illegal and void.

Counsel for the petitioner argues that the Legislature never intended that the provisions of Sec. 27 of Chap. 130 should be applied to the circumstances of this case as a basis of prosecution; that Secs. 2 and 4 of Chap. 144 are applicable to the facts and not Sec. 27 of Chap. 130. He cites in

support of this contention Sec. 28 of Chap 130 and Secs. 1, 2 and 4 of Chap. 144.

### Chapter 130:

"**Sec. 28. Threats to accuse or injure, with intent to extort or compel.**—Whoever, verbally or by written or printed communication, maliciously threatens to accuse another of a crime or offense, or to injure his person or property, with intent thereby to extort money or to procure any advantage from him, or to compel him to do any act against his will, when such offense is of a high and aggravated nature, shall be deemed guilty of a felony and on conviction thereof shall be punished by a fine of not more than $500 or by imprisonment for not more than 2 years; but when such offense is not of a high and aggravated nature, shall be deemed guilty of a misdemeanor and on conviction thereof shall be punished by a fine of not more than $100 or by imprisonment for not more than 11 months."

### Chapter 144:

"**Sec. 1. Power of courts to keep the peace: security required.**—The justices of the superior court and judges of municipal courts, in term time or in vacation, and trial justices in their counties have power to cause all laws for the preservation of the public peace to be kept; and in the execution thereof may require persons to give security to keep the peace and be of good behavior, as hereinafter provided."

"**Sec. 2. Complaint that offense threatened.** Any magistrate described in section 1, on complaint that any person threatens to commit an offense against the person or property of another, shall examine, on oath, the complainant and any other witnesses produced, reduce the complaint to writing and cause the complainant to sign it; and, if on examination of the facts he thinks that there is just cause to fear the commission of such of-

fense, he shall issue a warrant reciting the substance of the complaint, and commanding the officer, to whom it is directed, forthwith to arrest the accused and bring him before such magistrate or court, subject to the provisions of section 9 of chapter 146."

"Sec. 4. Sureties to keep peace; costs; bound over.—When the accused is brought before the magistrate and his defense is heard, he may be ordered to recognize, with sufficient sureties, in the sum required by the magistrate, to keep the peace toward all persons and especially toward the person requiring the security, for a term of less than 1 year, and to pay the costs of prosecution; but he shall not be bound over to any court, unless he is also charged with some other specific offense requiring it."

Sec. 28 pertains to extortion. Extortion is the gist of the crime and the verbal, written or printed communication is the manner in which the extortion is committed. *State* v. *Blackington*, 111 Me. 229; *State* v. *Vallee*, 136 Me. 432. Sec. 28 describes an entirely different crime than that of Sec. 27 upon which the prosecution in the instant case is based. Secs. 1, 2 and 4 have nothing whatever to do with a chargeable crime. They are procedures designed by statute for the prevention of crime and to keep the public peace. There is no ambiguity in Sec. 27. The language is plain and understandable. The intent of the Legislature is equally clear that it intended to make it a crime for one to make, publish or send to another any communication, written or oral, containing a threat to injure the person or property of that person. We find no inconsistency in the purposes intended by the provisions of Secs. 27 and 28 of Chap. 130 and Secs. 1, 2 and 4 of Chap. 144. Secs. 27 and 28 of Chap. 130 define crimes, while Secs. 1, 2 and 4 of Chap. 144 prescribe procedures for prevention of crime.

The indictment in the instant case is based on Sec. 27 of Chap. 130. The petitioner, upon arraignment, did not de-

mur to the indictment nor request a bill of particulars but pleaded not guilty and went to trial. The indictment charges, by the use of statutory language, a crime under Sec. 27, but whether the language used alleges the crime with that degree of certainty and particularity that the process of criminal pleading requires, is not at this time available to attack by the petitioner. His right to question the sufficiency of the indictment was lost to him after verdict as the allegations in the indictment allege, in substance, a crime.

"The respondent contends that the indictment does not allege a crime, although no motion was made to this effect by the respondent at the time of trial.

"Objection is made to the indictment on the ground that each of the seven counts in the indictment alleges 'certain money to the amount of - - - -' and that there is lacking in each count a more particular description of the money. A reading of the indictment will reveal the fact that it alleges a criminal offense of the nature of embezzlement. The respondent should have attacked the indictment at the time of trial because, other than the alleged defect complained of, there were sufficient allegations in the indictment alleging in substance a criminal offense. The absence of an allegation in this indictment of a particular description of the money alleged to have been the subject of the embezzlement does not vitiate the indictment as this omission was cured by the verdict." *State of Maine* v. *Woodworth*, 151 Me. 229, 235.

"A crime is charged. The words of the statute are used in charging the crime, but the plaintiff in error says the words in the statute do not describe the crime with certainty. At the most, the charge is not made with the certainty to which the plaintiff in error is entitled. He could have taken advantage of this by demurring, or he could have waived it by going to trial. He chose the latter

course, so we are not called upon to decide this as if we were doing so upon a demurrer." *Briggs* v. *State of Maine*, 152 Me. 180, 182.

The principle of law applicable to the case at bar is well expressed in 39 C. J. S.—Habeas Corpus—Sec. 20:

"The right to attack an indictment, information, or complaint by the writ of habeas corpus is more limited than is permitted in motions to quash and in arrest. Habeas corpus ordinarily lies on this ground when, and only when, the act charged does not constitute an offense by reason of the unconstitutionality of the statute declaring it to be an offense, or where there is a total failure to allege any offense known to the law. An indictment or information charging an offense in the language, or substantially in the language, of the statute is not subject to attack on habeas corpus. Whether an act charged is or is not a crime by the law which the court administers is a question within its jurisdiction, and hence not determinable in habeas corpus. Where an attempt has been made to charge an offense of a kind over which the court has jurisdiction, mere inartificiality in pleading, or defects and irregularities in, or insufficency of, the indictment, information, or complaint constitute no ground for relief by habeas corpus, because under such circumstances the detention is not without jurisdiction and is therefore not illegal."

Habeas corpus is an action of limited application and its functions must not be broadened to cover matters not contained within the restricted area of its use.

This court said in *Wallace* v. *White*, 115 Me. 513, 519:

"If a court has jurisdiction of the person and cause, the fact that the sentence is excessive or otherwise erroneous is not ground for discharge on habeas corpus. A writ of habeas corpus cannot reach errors or irregularities which render proceedings voidable merely, but only such defects in

substance as render the judgment or process absolutely void."

Habeas corpus is not a substitute for a motion to squash, writ of error, nor can it be used instead of an appeal process. *O'Malley* v. *Wentworth*, 65 Me. 128. If the court has jurisdiction over the person and the offense, habeas corpus will not lie. In the instant case these two conditions are present. The indictment is legally sufficient, thereby giving validity to the judgment. Insofar as jurisdiction over the person is concerned, there is no issue.

We conclude the imprisonment of the petitioner is lawful.

*Petition for Writ of Habeas Corpus Dismissed.*