424

JOHN FRANCIS HUGHES, JR.

*vs.*

STATE OF MAINE, ET AL.

York.   Opinion, October 14, 1965.

*Hilary F. Mahaney,*
*William F. Wilson,* for Petitioner.

*John W. Benoit, Asst. Atty. Gen.,* for the State.

SITTING: WEBBER, TAPLEY, MARDEN, RUDMAN, JJ.   WILLIAMSON, C. J., did not sit.   SULLIVAN, J., sat at argument but retired before the opinion was adopted.

RUDMAN, J. On appeal, by the Respondents-Appellants from the judgment and order issued from the York County Superior Court wherein the court decreed that John Francis Hughes, Jr., be discharged.

The petitioner on February 23, 1965, was convicted of the offense of assault and battery in the Biddeford Municipal Court and was sentenced to an indefinite term in the State Reformatory for Men. The judge who held the hearing and imposed the sentence was an Associate Judge of the Biddeford Municipal Court. He was duly appointed and qualified on July 6, 1961, for a term of four years to expire on July 5, 1965.

The District Court was established in the district in which the Biddeford Municipal Court was located on January 25, 1965. The office of Judge of the Biddeford Municipal Court was vacated on December 20, 1962, by expiration of the term for which the judge was appointed, and was vacant on January 25, 1965, when the District Court was established in the district in which the Biddeford Municipal Court was located.

The Legislature by its enactment established a District Court System in Maine.

In the Public Laws of Maine, 1961, Chapter 386, the pertinent provisions applicable to this case are as follows:

> "**Sec. 2. Effective date; transition to new system.** . . . The District Court shall be deemed to be established in a district, within the meaning of this section, on the date when the district judge appointed to such district assumes office.
>
> \* \* \* \* \* \* \* \* \*
>
> "If in a municipal court the office of judge becomes vacant prior to the establishment of the District Court in the district in which such municipal court is located, and there is an associate judge of such court, he shall thereafter, and until

the District Court is established in the said district, be paid the same salary as provided for the office of judge of such court. . . . Upon the establishment of the District Court in the said district such municipal court shall cease to exist, and all cases pending in such court and all of its records shall be transferred to the District Court for the division in which such court was located; . . .

\* \* \* \* \* \* \* \* \* \*

"Upon the establishment of the District Court in a district, the judge of a municipal court located in the district whose term has not yet expired shall continue to exercise, concurrently with the District Court, the jurisdiction vested in such municipal court, until after the expiration of his term. Upon such expiration, or upon his office otherwise becoming vacant, after such establishment of the District Court, such municipal court shall cease to exist, and all cases pending in such court and all of its records shall be transferred to the District Court for the division in which such court was located; . . .

\* \* \* \* \* \* \* \* \* \*

"Upon the establishment of the District Court in a district, the associate judge or the recorder of a municipal court located in said district, whose term of office as originally appointed shall have not yet expired, shall continue in office for the duration of said term and exercise all powers of his office so long as the judge of the municipal court with which such associate judge or recorder may be affiliated shall continue to exercise, concurrently with the District Court, the jurisdiction vested in such municipal court. Upon the cessation of existence of such municipal court, any recorder or associate judge of said court whose term has not then expired shall continue in office for the duration of said term."

The sole issue is whether the Biddeford Municipal Court was in existence on February 23, 1965.

The statute made provision for the continuation of municipal courts pending the establishment of a District Court and to continue to function concurrently with the District Court until the term of office of the municipal court judge expired, at which time the municipal court would cease to exist.

In this case there was no municipal court judge in office when the District Court was established and by virtue of the statute the Biddeford Municipal Court then ceased to exist.

The statute further provided for the continuation in office of the associate judge only "so long as the judge of the municipal court . . . shall continue to exercise, concurrently with the District Court the jurisdiction vested in such municipal court."

The Legislature made its intention clear in the last paragraph of Section 2, *supra,* in the first sentence of this paragraph:

> " . . . *the associate judge* . . . of a municipal court . . . whose term of office as originally appointed shall have not yet expired, *shall continue in office* for the duration of said term and exercise all of the powers of his office *so long as the judge of the municipal court* with which such associate judge . . . may be affiliated *shall continue to* exercise, *concurrently with the District Court,* the jurisdiction vested in such municipal court."   (Emphasis ours.)

The second sentence in this paragraph stands out as a distinctive beacon of the legislative intention and distinction by the omission of "and exercise all the powers of his office," thereby continuing the office of the then Associate Judge for the duration of his term but without right to "exercise . . . the powers of his office."

The word "cease" is defined by Webster's New International Dictionary to mean "to come to an end; to stop, etc.," and moreover, this is its common use and acceptance. One cannot "cease" doing a thing and at the same time continue its performance.

The respondents contend that habeas corpus is not the proper vehicle to bring this case to the attention of the court; that the appropriate action should be in the nature of quo warranto and for authority cites the Opinion of the Justices, 135 Me. 519, at 522. The suggested proceeding would be appropriate against an associate judge to test the validity of his title to the office. Here the right of the Associate Judge to continue in office is not in issue. The Legislature specifically authorized his continuance in office but excluded his authority to perform any of the functions of the office of Associate Judge of the Biddeford Municipal Court, as by legislative fiat the Biddeford Municipal Court ceased to exist, when the District Court was established and the office of judge was vacated.

The office of the writ of habeas corpus is to afford the citizen a speedy and effective method of securing his release when illegally restrained of his liberty, and the cause of imprisonment extends to questions affecting the jurisdiction of the court.

The court that tried the petitioner had ceased to exist; it was not, therefore, a court of competent jurisdiction, or, in fact, of any jurisdiction, and had no power to try or sentence him.

The mere color of an office must not be permitted to stand between a citizen and his liberty.

> "Habeas corpus is the proper remedy, when the process upon which the convict is held, was issued by a court having no jurisdiction of the case or

person at the time of its issue.    In re Hans Niel-
sen, 131 U. S. 176"
*Tuttle* v. *Lang,* 100 Me. 123, 127.

The serious question presented here rests upon the legal
existence of the Biddeford Municipal Court when sentence
was imposed upon the petitioner.    If the Biddeford Munici-
pal Court had ceased to exist, then there was no lawful
court and the judgment was absolutely void.    It would be
idle to argue that a conviction under such circumstances,
could not be inquired into upon habeas corpus.

In *Emmett R. Warring* v. *John P. Colpoys,* 122 F. (2nd)
642, (App. S. C.) the court said:

> "While habeas corpus is regarded more liberally
> than most forms of collateral attack, it is not to
> be used as an appeal or a writ of error.    We be-
> lieve that appellant would be entitled to discharge
> under the writ, if the District Court clearly did
> not have power to act."

In arriving at a proper conclusion in this case, the legis-
lative reason for continuing the associate judge in office
until his term had expired is not material.    The controlling
fact is that the office of Judge of the Biddeford Municipal
Court was vacant when the District Court was established,
and the Biddeford Municipal Court "ceased to exist."

The process under which the petitioner was incarcerated
is illegal and void and the order discharging him from the
commitment is upheld.

The entry will be,

*Appeal dismissed.*