Raymond VIGUE

v.

STATE of Maine et al.

Supreme Judicial Court of Maine.

June 19, 1968.

George W. Heselton, Gardiner, for appellant.

John W. Benoit, Asst. Atty. Gen., Augusta, for appellees.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, DUFRESNE and WEATHERBEE, JJ.

TAPLEY, Justice.

Appeal from decision of a single Justice dismissing a petition for writ of habeas corpus (post-conviction). The appellant in his petition alleged insufficiency of an indictment because it did not allege that he made to Lezime Raymond any communication, written or oral, containing a threat to injure the person of Lezime Raymond and, further, that the indictment did not allege the manner in which the threat was made by the appellant to injure the person of Lezime Raymond.

The indictment reads:

"THE JURORS FOR SAID STATE, upon their oath present, that Raymond Vigue of Winslow in said County of Kennebec, on the twenty-fifth day of August in the year of our Lord one thousand nine hundred sixty-two at Waterville in said County of Kennebec, unlawfully did make a threat to injure the person of one Lezime Raymond of Waterville, to wit, did threaten to kill the said Lezime Raymond,—."

The statute upon which the indictment is based is 17 M.R.S.A., Sec. 3701, the pertinent portion of which reads:

"Whoever makes, publishes or sends to another any communication, written or oral, containing a threat to injure the person or property of any person shall be punished by a fine of not more than $500 or by imprisonment for not more than 5 years, or by both."

Upon arraignment the appellant entered a plea of guilty to the indictment.

The appellant could have requested a bill of particulars before entering his plea and he also could have attacked the sufficiency of the indictment before plea. The allegation in the indictment substantially alleges a crime. Haynes, Pet'r. v. Robbins, 158 Me. 17, 177 A.2d 352.

"A crime is charged. The words of the Statute are used in charging the crime, but the plaintiff in error says the words in the Statute do not describe the crime with certainty. At the most, the charge is not made with the certainty

to which the plaintiff in error is entitled. He could have taken advantage of this by demurring, or he could have waived it by going to trial. He chose the latter course, so we are not called upon to decide this as if we were doing so upon a demurrer." Briggs v. State of Maine, 152 Me. 180, at page 182, 126 A.2d 563, at page 564.

"A plea of guilty admits all averments of fact and waives any defect in the indictment in the form of the allegations which are not jurisdictional. 27 Am.Jur.—Indictments and Informations, Sec. 187.

 The appellant waived by his plea of guilty any alleged errors in the indictment which were not jurisdictional. The errors complained of are not jurisdictional.

Appeal denied.

MARDEN, J., did not sit.

DUFRESNE, J., sat at argument but did not participate in this decision.