**Dennis M. SNYDER, on Behalf
of Zachary M. SNYDER**

v.

**Christine TALBOT.**

Supreme Judicial Court of Maine.

Submitted on Briefs Oct. 7, 1994.

Decided Jan. 11, 1995.

John J. Finn, Yarmouth, for plaintiff.

Defendant did not appear.

Before WATHEN, C.J., and GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

GLASSMAN, Justice.

Dennis M. Snyder appeals from the judgment of a single justice of the Supreme Judicial Court (*Roberts, J.*) dismissing his petition on behalf of his minor son, Zachary M. Snyder, seeking an order from the Court for a writ of habeas corpus, pursuant to 14 M.R.S.A. §§ 5510, 5511 (1980),[1] and denying Snyder's petition, pursuant to 14 M.R.S.A. § 5513 (1980).[2] We affirm the judgment.

The record reveals the following facts: The divorce judgment dated May 28, 1992, entered in the Superior Court (Cumberland County, *Saufley, J.*) terminating the marriage relationship of Snyder and Talbot provided that Talbot have the sole parental rights and responsibilities of their minor son Zachary and that his primary physical residence be with Talbot. The judgment also provided a detailed visitation schedule between Snyder and Zachary. In September 1992, Talbot unilaterally terminated Snyder's visitation with Zachary. In response to postjudgment motions filed by the parties, the trial court, by its order dated January 13, 1993 (*Gorman, J.*),[3] temporarily modified the visitation schedule and provided a period of counseling to allow a reestablishment of Zachary's relationship with Snyder before resumption of the visitation schedule provided in the divorce judgment. Neither party appealed, and there has been no further modification of the divorce judgment.

By his petition dated May 11, 1994, alleging, *inter alia*, that Talbot had again unilaterally terminated visitation between Snyder and Zachary, Snyder seeks a writ of habeas corpus directed to Talbot, commanding her to produce Zachary before the Court "so Petitioner may be awarded custody of the child at times prescribed by the Divorce Judgment." Without a hearing, the Court dismissed the petition on the ground that the Superior Court in Cumberland County has primary jurisdiction over issues concerning the custody of the minor child of the parties and the enforcement of the terms of the divorce judgment. The Court also denied the petition subsequently filed by Snyder seeking a release of Zachary from restraint pending this appeal.

We find no merit in Snyder's contention that the Court's dismissal of his petition violated his right pursuant to 14 M.R.S.A. § 5513 to make application for a writ of habeas corpus to a single justice of the Supreme Judicial Court. The general object of a writ of habeas corpus is to provide a speedy and effective method of securing the release of a person from an illegal restraint. *Hughes v. State*, 161 Me. 424, 428, 213 A.2d 435, 437 (1965). The illegal restraint of a minor child is demonstrated when the child is unlawfully absent from the person having the legal right to the child. Thus, the showing of a pre-existing right to the legal custody of the child is an essential element to the maintenance of a petition for a writ of habeas corpus. *Roussel v. State*, 274 A.2d 909, 923 (Me.1971). Almost a half-century ago, we made clear that the judgment in a divorce action providing for the status of the child as between the parents remained

1. 14 M.R.S.A. § 5510 (1980) provides:

> The parent or guardian of any minor imprisoned or restrained of his liberty shall be entitled to the writ of habeas corpus for him, if he would be entitled to it on his own application.

14 M.R.S.A. § 5511 (1980) provides, in pertinent part:

> The Supreme Judicial Court or the Superior Court or any justice of either of said courts, on application of any person, may issue the writ of habeas corpus to bring before them any party alleged to be imprisoned or restrained of his liberty ... who would be entitled to it on

his own application, when from any cause he is incapable of making it.

2. 14 M.R.S.A. § 5513 (1980) provides:

> If the writ is denied and an appeal is taken to the law court, the person restrained may be admitted to bail within the discretion of the justice rendering judgment thereon, pending such appeal.

3. Pursuant to 4 M.R.S.A. § 157–C (1989), the Chief Justice of the Supreme Judicial Court assigned District Court Judge Gorman to sit in the Superior Court in this matter.

fixed until modified or set aside in a subsequent or supplemental proceeding in the same cause, and cannot be disregarded in a subsequent proceeding by habeas corpus to obtain possession of the child. *Blue v. Boisvert,* 143 Me. 173, 183, 57 A.2d 498, 503 (1948).

The divorce judgment provided Talbot with sole rights and responsibilities with respect to Zachary, which means she has "exclusive parental rights and responsibilities with respect to all aspects of [Zachary's] welfare, with the possible exception of the right and responsibility for support." 19 M.R.S.A. § 752(2)(D) (Supp.1994). *See also Sheldon v. Sheldon,* 423 A.2d 943, 945 (Me. 1980) (exclusive rights and responsibilities of minor child granted to one parent with visitation granted to other parent not tantamount to division of parental rights and responsibilities between parents).

■ Pursuant to 19 M.R.S.A. § 752 (1981 & Supp.1994), in the context of a divorce action, the trial court "has the sole and continuing authority to determine parental rights and responsibilities with respect to a minor child of the parties." *Gerber v. Peters,* 584 A.2d 605, 607 (Me.1990). On motion of one or both parents, the trial court may alter its order concerning parental rights and responsibilities or contact with respect to a minor child as circumstances require. 19 M.R.S.A. § 752(12) (Supp.1994).

In the present case, the face of the petition reveals that Snyder lacks any pre-existing legal right to the custody of Zachary. To the contrary, as confirmed by the divorce judgment, the "sole parental rights and responsibilities" with respect to Zachary, as well as his "primary physical residence" is with Talbot. Accordingly, the Court properly dismissed Snyder's petition.

The entry is:

Judgment affirmed.

All concurring.