STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-00-281

GAB- YOR- 11/30/2000

RORY HOLLAND,

Plaintiff

v.                                    ORDER



DONALD L. GARBRECHT
LAW LIBRARY

DEC 4 2000

NICKY LEE M. CROSS,

Defendant

Pending is Mr. Holland's Petition for a Writ of Habeas Corpus. Following hearing, the petition is Denied.

Mr. Holland asserts that the District Court order of protection precluding him from video-taping school children at a particular school bus stop in Biddeford violates his Constitutional rights. For reasons discussed below, I disagree.

Habeas corpus is an ancient common-law writ directed to a person detaining another, to secure the release of the person from an illegal restraint. See 39 C.J.S. *Habeas Corpus* § 2; see also Snyder v. Talbot, 652 A.2d 100, 101 (Me. 1995). The writ is the process of testing the authority of one who deprives another of his liberty and it is designed to give a person whose liberty is restrained an immediate hearing to inquire into and determine the legality of the detention. 39 C.J.S. *Habeas Corpus* § 2. The writ of habeas corpus will not ordinarily be granted where there is another adequate remedy. Id. at § 11.

The Maine habeas corpus statute delineates the various functions of the writ of habeas corpus. See 14 M.R.S.A. § 5501 et seq; see also 15 M.R.S.A. § 2121 et seq..



Neither the statute nor case law indicates that habeas corpus provides a means by which to challenge the deprivation of a First Amendment right. As well, "habeas corpus is an action of limited application and its functions must not be broadened to cover matters not contained within the restricted area of its use. . . . It is not a substitute for a motion to squash, writ of error, nor can it be used instead of an appeal process. Haynes v. Robbins, 158 Me. 17, 23, 177 A.2d 352 (1962)(quotations and citations omitted). It would appear, therefore, that the writ of habeas corpus is not the appropriate vehicle to bring this case before the court.

Moreover, the protection from harassment statute states that "appeals may be taken as provided by the Maine Rules of Civil Procedure and may be only for error of law or abuse of discretion." 5 M.R.S.A. § 4658(1). This statute would not seem to contemplate invoking the writ of habeas corpus to attack the validity of a protection from harassment order.

Therefore, although Holland's motion is captioned as a motion for writ of habeas corpus, it should be treated as an appeal under Rule 76D.[1] Regardless of how the motion is captioned, the question becomes, did the District Court's order violate Holland's First Amendment rights?

---

[1] M.R. Civ. Pro. 81(c) states that the writs of scire facias, mandamus, prohibition, certiorari, and quo warranto are abolished and that review of any action or failure/refusal to act by a governmental agency shall be in accordance with procedure prescribed by Rule 80B. Rule 81(c) does not address the writ of habeas corpus, and hence the procedure for the writ, although not available to Holland for the reasons explained above, is not governed by Rule 80B.

Treating the motion for writ of habeas corpus as a Rule 76 appeal however, is problematic because a record of the District Court proceedings has not been prepared.

Holland argues that the act of videotaping, or "recording his sense impressions" is protected under the Constitutions of Maine and the United States. Maine's protection from harassment statute, 5 M.R.S.A. § 4651 et seq., does exclude "any act protected by the constitutional guarantee of free speech." Even assuming that photography is an expressive activity that qualifies for constitutional protection, the District Court's order was narrowly tailored, prohibiting only recording, or mimicking the act of recording, the school bus stop at Green and South Street in Biddeford on days when school is in session.

As well, other courts, in various contexts, have upheld prohibitions against photographing and videotaping. For example, in Goosen v. Walker, 714 So.2d 1149 (Fla. App. 4 Dist. 1998), the court upheld an injunction preventing the defendant from photographing, videotaping or pretending to photograph/videotape his neighbor. In Wolfson v. Lewis, 924 F. Supp. 1413 (E.D. Pa. 1996), the issue was whether freedom of the press entitled television reporters to repeatedly videotape the subjects of an investigative news story. The court granted injunctive relief prohibiting reporters from invading the privacy of the plaintiffs, with or without cameras, explaining:

> Conduct that amounts to a persistent course of hounding, harassment and unreasonable surveillance, even if conducted in a public or semi-public place, may nevertheless rise to the level of invasion of privacy based on intrusion upon seclusion.

In State v. Baumann et al., 532 N.W.2d 144, 1995 WL 78289 (Wis. Ct. App.

1995)[2], the court upheld an order that permanently enjoined thirty-two individuals from, among other things, photographing or videotaping people entering and leaving a medical clinic that performed abortions "under such circumstances as to exhibit an intent to harass, intimidate or interfere with any person seeking access to or departing from such facility." The court found that the prohibition against videotaping was a reasonable restriction that served to protect both the privacy interests of the clinic patients and to restrain harassment and intimidation. The court further stated that "[n]o matter how public the setting or the subject, there is no First Amendment right to use a camera as a tool of intimidation." Id. at **7. See also Pro-Choice Network of Western New York, 799 F. Supp. 1417, 1437-39(W.D.N.Y. 1992)(cautioning that if defendants continue to use cameras to intimidate women entering abortion clinics, the court would not hesitate to restrict defendants' use of cameras).[3]

There are no Maine cases on point. However, in State v. Cropley, 544 A.2d 302 (Me. 1988), the Law Court upheld the constitutionality of Maine's harassment statute, 17-A M.R.S.A. § 506-A. In Cropley, the Court concluded that the conduct proscribed by the harassment statute was unprotected speech and held that the statute, which imposes criminal penalties for engaging in any course of conduct with intent to harass, torment or threaten another person did not violate the First

_____

[2] This is an unpublished opinion.

[3] Pro-Choice Network was affirmed in part and reversed part by the Supreme Court in Schenck v. Pro-Choice Network, 519 U.S. 357 (1997). On appeal, the use of cameras was not in issue.

4

Amendment guaranty of speech. Id. at 304.    Extrapolating from this holding, the District Court's narrowly tailored order does not violate Mr. Holland's Constitutional rights.

The entry will be:

Mr. Holland's Petition for Writ of Habeas Corpus is Denied.

The clerk may incorporate this order in the docket by reference.

Dated:        November 30, 2000

G. Arthur Brennan
Justice, Superior Court

Plaintiff Rory Holland is Pro Se
          58 SOUTH STREET
          BIDDEFORD ME   04005

Defendant Nicky Lee Cross is Pro Se
          ADDRESS CONFIDENTIAL

5