STATE of Maine

v.

Royal J. VOSMUS.

Supreme Judicial Court of Maine.

Argued Nov. 17, 1980.

Decided July 6, 1981.

the court improperly admitted a photocopy of the judgment of the Superior Court to show that he had been adjudicated an habitual offender and, second, that the evidence was insufficient because the State offered no evidence that his revocation was still in effect at the time of operation. Finding no error on either issue, we affirm the judgment.

On August 5, 1977, an order was entered in the Superior Court, Cumberland County, reciting that Royal J. Vosmus, having failed to appear as directed, was adjudged to be a habitual offender under the provisions of then 29 M.R.S.A. § 2272 and was ordered not to operate a motor vehicle on highways of the State of Maine until further order of the court.[1] On September 15, 1979, Vosmus ran his pickup truck into a fence in Westbrook. A blood test taken after his arrest showed a blood alcohol content of .27 percent.

Henry N. Berry, III, Dist. Atty., Peter G. Ballou, Deputy Dist. Atty. (orally), Maryellen Black, Law Student (orally), Portland, for plaintiff.

David S. Turesky (orally), John C. Howard, Portland, for defendant.

Before McKUSICK, C. J., and WERNICK, GODFREY, NICHOLS, ROBERTS and CARTER, JJ.

ROBERTS, Justice.

Following a jury trial in Superior Court, Cumberland County, Royal J. Vosmus was convicted of operating a motor vehicle while under the influence of intoxicating liquor and operating a motor vehicle while a revocation prohibiting such operation was in effect under the habitual offender law, 29 M.R.S.A. § 2298. Although Vosmus appeals from both convictions, the two issues he raises relate only to the habitual offender conviction. Vosmus contends, first, that

I

At trial, the court admitted as State's Exhibit Three an attested photocopy of the 1977 court order despite Vosmus's contention that the exhibit was inadmissible by virtue of the exception contained in M.R. Evid. 803(8)(B)(iii). Rule 803(8) provides an exception from the hearsay rule for certain public records, while Rule 803(8)(B)(iii) excludes from the public records exception "factual findings offered by the state in criminal cases." The State on appeal relies primarily upon the incorporation of 16 M.R.S.A. § 451 as an exception to the hearsay rule under M.R.Evid. 802 to support admission of the exhibit. We find no occasion to interpret the factual findings exception to Rule 803(8) nor to interpret section 451 because we are satisfied that State's Exhibit Three as presented in this case does not come within the definition of hearsay.

■ The only assertion contained in State's Exhibit Three at all relevant to the

---

1. In 1979 the Habitual Offender Act, Title 29, Chapter 18, was repealed and replaced by Chapter 18–A, which provides that similar action may be taken by the Secretary of State.

Enforcement of court-ordered revocation, however, was expressly preserved by amendment to Chapter 18–A. See 29 M.R.S.A. § 2298.

issues arising in this criminal prosecution is that the defendant is adjudicated to be an habitual offender. The exhibit does not recite that at some prior time such an adjudication has occurred nor that at some prior time Royal Vosmus was ordered not to operate a motor vehicle. Instead, State's Exhibit Three is a copy of that actual adjudication and order. Had the original order been presented as State's Exhibit Three, the defendant could not rationally argue that the order was hearsay evidence of its own existence. We note that neither at trial nor on appeal does Vosmus question the authenticity of the exhibit. We find, therefore, no error in the admission in evidence of State's Exhibit Three.

## II

Vosmus next attacks the sufficiency of the evidence to establish a violation of 29 M.R.S.A. § 2298, which provides in part:

> It shall by unlawful for any person to operate any motor vehicle in this state while the revocation prohibiting its operation remains in effect.

Vosmus first reasons that the effectiveness of the revocation on the date of his operation is an element that under 17–A M.R.S.A. § 5(1) and *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), the State must prove. Vosmus then concludes that since the State offered no evidence that the 1977 order remained in effect on

the date of the alleged offense and since 29 M.R.S.A. § 2296 [2] permits restoration of the right to operate upon petition by the habitual offender after one year, the evidence is insufficient to permit a jury rationally to find guilt beyond a reasonable doubt. The State counters by suggesting that 17–A M.R.S.A. § 5(2) [3] relieves the State of negating any exception, exclusion, or authorization that is set out in the statute defining the crime. The State cites *Toussaint v. State*, Me., 262 A.2d 123 (1970) (a pre-code case involving possession of a firearm by a felon), and *State v. Davis*, Me., 384 A.2d 45 (1978) (a post-code case involving persons excepted from drug violations under Title 22), for the proposition that the restoration of an habitual offender's right to operate should be designated a defense under 17–A M.R.S.A. § 5(2). The State suggests, therefore, that only where the issue is generated does the State have the burden of proving beyond a reasonable doubt continuing revocation. In this instance, the State points out, no evidence whatsoever generated an issue as to restoration.

■ We are satisfied that a plain, common-sense reading of 29 M.R.S.A. § 2298 requires the State to prove affirmatively as part of its case in chief that at the time of operating a motor vehicle the person charged was subject to a then-effective order under the Habitual Offender Act. We are further satisfied, however, that the Ha-

---

2. 29 M.R.S.A. § 2296 provides:

At the expiration of one year from the date of the revocation under this chapter, a person whose license has been so revoked may petition the Secretary of State for relief from his habitual offender status. Upon petition, the Secretary of State in his discretion, after determining that public safety will not be endangered, may relieve the person from his status as an habitual offender, and, subject to the other provisions of law relating to the issuance of operators' license, permits and privileges to operate, including the financial responsibility requirements of section 782, may issue the person the privilege to operate a motor vehicle in this State upon such terms and conditions as he may prescribe.

3. 17–A M.R.S.A. § 5 states in part:

1. No person may be convicted of a crime unless each element of the crime is proved

beyond a reasonable doubt. "Element of the crime" means: The forbidden conduct; the attendant circumstances specified in the definition of the crime; the intention, knowledge, recklessness or negligence as may be required; and any required result....

2. The State is not required to negate any facts expressly designated as a "defense," or any exception, exclusion, or authorization which is set out in the statute defining the crime, either:

A. By allegation in the indictment, information or complaint; or

B. By proof at trial, unless the existence of the defense, exception, exclusion or authorization is in issue as a result of evidence admitted at the trial which is sufficient to raise a reasonable doubt on the issue, in which case the State must disprove its existence beyond a reasonable doubt.

bitual Offender Act imposes no temporal limitation upon the effectiveness of such an order. A restoration of the right to operate requires an affirmative act or petition by the habitual offender and an affirmative act of restoration on the part of the court.[4] In the absence of any suggestion in the record that any steps have been taken to obtain a restoration, the jury is warranted in finding the order of revocation to have been in effect at the time of operation. We do not view the mere lapse of one year, which would entitle the habitual offender to petition for restoration, alone to be sufficient to generate an issue concerning restoration. See 2 Wigmore, *Evidence* § 437 (Chadbourn Rev. 1979).

Finding no error on either issue raised on appeal, we affirm the judgments.[5]

The entry is:

Judgments of conviction affirmed.

All concurring.

---

4. Under Chapter 18–A restoration of the right to operate becomes a matter for the Secretary of State. *See State v. Albert*, Me., 418 A.2d 190, 193 (1980).

5. Since the issue was not raised on appeal we need not determine the admissibility of State's Exhibit Two, a report of the laboratory evaluation of the blood sample prepared by the chemist who testified at trial. Vosmus argued to the trial court that the report was within the exception contained in Rule 803(8)(B)(iii). While we express no opinion as to the application of this exception to State's Exhibit Two, we do suggest, contrary to the State's position, that the presence or absence of the chemist as a witness *is* completely immaterial.