STATE of Maine

v.

Richard P. HASKELL.

Supreme Judicial Court of Maine.

Argued May 6, 1985.

Decided May 29, 1985.

**1266**

Gene Libby (orally), Dist. Atty., Alfred, for the State; David Gregory, Alfred, of counsel.

Lawrence C. Winger (orally), Portland, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, WATHEN and SCOLNIK, JJ.

ROBERTS, Justice.

Richard P. Haskell appeals from his conviction in the Superior Court, York County, of impersonating a public servant, 17–A M.R.S.A. § 457 (1983). Because the record indicates that Haskell's fine of $100 was paid in full on the same day that it was imposed, we grant the State's motion to dismiss the appeal.

Haskell argues, *inter alia*, that we should abandon prior case law because M.R.Crim.P. 38 is misleading and because dismissal would be inconsistent with 15 M.R.S.A. § 2115 (1980).[1] We reject his contentions. Procedural rules are not designed to inform on all facets of the law. Reference to either Maine treatise on criminal practice would dispel any notion that Haskell could appeal after paying his fine. 3 Glassman, *Maine Practice: Rules of Criminal Procedure Annotated* § 38.2 at 326–7 (1967); 1 Cluchey & Seitzinger, *Maine Criminal Practice* § 38.3 at 38–6 (1985). Section 2115 was in effect and not found by us to be inconsistent with the rule of dismissal we applied in *State v. Lewis*, 406 A.2d 886 (Me.1979).[2] Contrary to Haskell's argument before us, there is no indication in *Lewis* that the conviction was anything other than criminal.

Haskell argues further that the colloquy between his attorney and the presiding justice regarding the appointment of counsel on appeal demonstrates that his tender of $100 was not intended as payment of the fine. His argument is unavailing for two reasons. First, Haskell ignores the fact that in *Lewis* the notice of appeal had been entered *before* the fine was paid. Second, Haskell has made no effort to correct the Superior Court record to reflect a *deposit* of the fine rather than its payment.

Finally, we note that the principle we apply is not one of waiver; therefore, the cases Haskell cites concerning waiver are inapposite.

The entry is:

Appeal dismissed.

All concurring.

1. Section 2115 provides in pertinent part:
   In any criminal case in the Superior Court any defendant aggrieved by a judgment, ruling or order may appeal therefrom to the law court within 10 days or such further time as may be granted by the court pursuant to a rule of court.

2. In *State v. Lewis*, 406 A.2d 886 (Me.1979), we held that voluntary payment of the fine after serving notice of appeal terminated the action and left nothing upon which an appeal might operate.