**STATE of Maine**

v.

**Jeffrey ST. HILAIRE.**

Supreme Judicial Court of Maine.

Argued May 4, 1988.
Decided June 30, 1988.

Janet T. Mills, Dist. Atty., Patricia A. Mador (orally), Asst. Dist. Atty., South Paris, for plaintiff.

Neria R. Douglass, (orally), Marshall, Raymond & Bonneau, Lewiston, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

ROBERTS, Justice.

Jeffrey St. Hilaire appeals from a judgment of the Superior Court, Oxford County, entered on a jury verdict finding St. Hilaire guilty of operating a motor vehicle while an habitual offender, 29 M.R.S.A. § 2298 (Supp.1987) (Class C).[1] St. Hilaire challenges the court's exclusion of evidence and claims the indictment is void. In addition, St. Hilaire challenges the sufficiency of the evidence to support the verdict of the jury. Because these claims are without merit, we affirm the judgment.

On January 1, 1987, a state police officer stopped St. Hilaire for speeding on Route 5 in Fryeburg. The officer's license check revealed that St. Hilaire was under habitual offender status at the time of the stop. A certified copy of St. Hilaire's license record from the Secretary of State verified St. Hilaire's habitual offender status as of January 1, 1987. St. Hilaire does not dispute these facts established at trial.

On motion by the State, the Superior Court excluded the following evidence concerning the offenses underlying St. Hilaire's habitual offender designation and his attempts, initiated after indictment in the instant case, to have his habitual offender designation vacated. As a result of repeat violations, St. Hilaire's license was suspended effective December 2, 1985. On March 20, 1986, after the fixed suspension period had expired, St. Hilaire paid the reinstatement fee. St. Hilaire was stopped on March 25, 1986 and a license check disclosed that his license was still under

---

1. Section 2298 provides, in relevant part:

It shall be unlawful for any person to operate any motor vehicle on a public way ... in this State while the revocation prohibiting its operation remains in effect. Any person found to be an habitual offender ... who is thereafter convicted of operating a motor vehicle in this State while the revocation prohibiting operation is in effect shall have committed a Class C crime.

suspension. As a result of this stop, St. Hilaire was convicted on an uncounseled guilty plea for operating after suspension, 29 M.R.S.A. § 2184 (Supp.1987) (OAS). St. Hilaire paid the $50 fine imposed by the court.

In July 1986, the Secretary of State notified St. Hilaire that as a result of the OAS and two prior convictions, he had been designated an habitual offender.[2] St. Hilaire did not request an administrative hearing to review the action of the Secretary of State.

■ On January 1, 1987, when St. Hilaire was stopped for speeding, he was under habitual offender status due to the unchallenged July 1986 designation. After his indictment in the instant case, St. Hilaire commenced a series of actions challenging his July 1986 habitual offender designation and the underlying OAS conviction. His March 1987 request for an administrative hearing to review the designation was denied by the Secretary of State as untimely.[3] However, St. Hilaire's motion to vacate the OAS conviction was granted by the District Court (Lewiston) on May 29, 1987.[4] The Secretary of State subsequently vacated St. Hilaire's habitual offender designation and removed the OAS conviction from its records.

■ In this appeal, St. Hilaire contends that the Superior Court erred in granting the State's motion in limine excluding the evidence pertaining to the correctness of the Secretary of State's designation of St. Hilaire as an habitual offender. We disagree. The only issue in this litigation is St. Hilaire's status at the time of operation on January 1, 1987. The State need only prove that St. Hilaire was subject to a "then-effective order" under the habitual offender statute. *State v. Vosmus*, 431 A.2d 621, 623 (Me.1981). On January 1, 1987, St. Hilaire was subject to an unchallenged order of the Secretary of State that classified him as an habitual offender. All the evidence St. Hilaire sought to admit at trial goes to St. Hilaire's status after March 1987, and was properly excluded as irrelevant.

■ St. Hilaire also contends that the indictment in the instant case is void. He charges that the indictment impermissibly recites, for the purpose of sentence enhancement, an offense for which St. Hilaire was not represented by counsel and that the indictment fails to allege that the Secretary of State's action was legally correct. Even if St. Hilaire's arguments had merit,[5] he cannot raise them in the instant appeal. His attempt to do so amounts to an impermissible attempt to relitigate the Secretary of State's designation and the underlying OAS conviction. Because St. Hilaire failed to pursue his statutory right to a hearing

---

2. An habitual offender is any person whose record, as maintained by the Secretary of State, shows that the person has accumulated three or more convictions or adjudications within a five year period for the offenses set out in 29 M.R.S.A. § 2292 (Supp.1987). *State v. O'Neill*, 473 A.2d 415, 417 (Me.1984).

3. Clearly, St. Hilaire's March 1987 request for an administrative hearing of the July 1986 designation is untimely pursuant to 29 M.R.S.A. § 2294(1) (Supp.1987), which allows 30 days to challenge the action of the Secretary of State. Nevertheless, St. Hilaire has appealed the denial pursuant to M.R.Civ.P. 80C. The action has been stayed pending the outcome of the instant appeal.

4. St. Hilaire was not entitled to vacation of the conviction after he paid the fine imposed by the court. *Cf. State v. Haskell*, 492 A.2d 1265, 1266 (Me.1985); *State v. Lewis*, 406 A.2d 886, 888 (Me.1979) (voluntary payment of a fine termi-

nates the action and leaves nothing upon which an appeal might operate.) The State, however, did not oppose the motion and subsequently dismissed the OAS complaint.

5. *See State v. O'Neill*, 473 A.2d at 417–19 (Use of uncounseled OUI conviction as basis in part for reclassification as habitual offender; reclassification may be predicate for imposition of imprisonment upon conviction of operating while an habitual offender). *See also Lewis v. United States*, 445 U.S. 55, 66–67, 100 S.Ct. 915, 921–922, 63 L.Ed.2d 198 (1980) (Uncounseled conviction is not invalid for all purposes); *State v. Albert*, 418 A.2d 190, 191 (Me.1980). The indictment need not allege that the Secretary of State's designation is legally correct because the correctness of the designation is not an essential element of the offense. *See State v. O'Neill*, 473 A.2d at 419 (The focus is not on the reliability of the underlying conviction, but on the "mere fact" of conviction or adjudication of habitual offender status).

on the Secretary of State's action, he allowed that decision to become final. He cannot now challenge his original designation as an habitual offender in this appeal from the judgment of conviction for operating while an habitual offender. *Maines v. Secretary of State,* 493 A.2d 326 (Me.), *cert. denied,* 474 U.S. 947, 106 S.Ct. 345, 88 L.Ed.2d 291 (1985); *Piacitelli v. Quinn,* 449 A.2d 1126 (Me.1982); *State v. Albert,* 418 A.2d at 191–92.

St. Hilaire's contention that his OAS conviction is void *"ab initio"* and thus improperly used to establish his habitual offender status must be rejected on the same grounds. *Id. See also State v. Higgins,* 338 A.2d 159 (Me.1975) (In appeal from judgment of conviction for OAS, Court refused to allow defendant to contest the constitutionality of statutory provisions pursuant to which his license was initially suspended).

 Finally, St. Hilaire challenges the sufficiency of the evidence to support the verdict of the jury. In order to convict St. Hilaire, the State was required to prove, beyond a reasonable doubt, that St. Hilaire "operate[d] [a] motor vehicle on a public way ... while the revocation prohibiting its operation remain[ed] in effect." 29 M.R.S.A. § 2298. St. Hilaire does not dispute the fact that he was operating a motor vehicle on a public way. Rather, St. Hilaire contends that the State should be required to prove, as part of its case in chief, that he was properly declared an habitual offender, and that he received actual notice of his habitual offender designation.

The State need only prove that at the time of operation, St. Hilaire was subject to a "then-effective" order under the habitual offender statute. *State v. Vosmus,* 431 A.2d at 623. The evidence clearly shows that at the time of the stop, the records of the Secretary of State classified St. Hilaire as an habitual offender. The correctness of this designation is not in issue. Neither does the statute require the State to prove St. Hilaire received actual notice of the designation. 29 M.R.S.A. § 2298. *Cf. State v. Kovtuschenko,* 521 A.2d 718, 719 (Me.1987) (Statute prohibiting operation after license is suspended, 29 M.R.S.A. § 2184 (Supp.1987), which requires written notice, but not actual notice of suspension, does not violate due process). Our review of the record discloses sufficient evidence for the jury rationally to have found, beyond a reasonable doubt, the elements of the offense charged. *State v. Barry,* 495 A.2d 825, 826 (Me.1985).

The entry is:

Judgment affirmed.

All concurring.