STATE of Maine

v.

**Miles HALEY.**

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 6, 1993.

Decided Aug. 5, 1993.

David W. Crook, Dist. Atty., Paul Rucha, Andrew Benson, Asst. Dist. Attys., Augusta, for plaintiff.

Michael J. Daly, Shapiro & Daly, Gardiner, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

CLIFFORD, Justice.

■ Defendant Miles Haley appeals from the Superior Court's (Kennebec County, *Kravchuk, J.*) affirmance of a District Court (Augusta, *Calkins, C.J.*) judgment convicting him of violating a protection from abuse order. 19 M.R.S.A. § 769 (1981 & Supp.1992). He contends that the statute under which he was prosecuted did not categorize as criminal the behavior for which he was convicted. We agree and vacate the District Court judgment.

In October 1989, Katherine Haley, then the spouse of Miles Haley, obtained an order for protection from abuse from the District Court (Augusta, *Bradley, J.*). *See* 19 M.R.S.A. § 766 (1981 & Supp.1992). The order prohibited Haley from "threatening, assaulting, molesting, attacking, *harassing* or otherwise abusing" Katherine. (Emphasis added.) In July 1990, Haley made a number of telephone calls to Katherine at her home within a short period of time. In describing the calls, Katherine said, "[H]e was intoxicated and he kept wantin' me to go back with him, and he threatened to kill himself if I didn't take him back." As a consequence of these calls, Haley was charged by criminal complaint with violating the protective order, a Class D crime. *See* 19 M.R.S.A. § 769.

At his trial, Haley argued that 19 M.R.S.A. § 766, the statute under which the protective order was issued, did not include harassment as proscribed conduct and that the evidence was insufficient to convict him of any conduct that sections 766 and 769 defined as criminal. The District court adjudged Haley guilty of violating the protective order by harassing Katherine and sentenced him to five days in jail. This appeal followed Haley's unsuccessful appeal to the Superior Court.

Maine's protection from abuse statute, 19 M.R.S.A. § 761-A—770-B (1981 & Supp. 1992), authorizes the District Court to provide protection to victims of domestic abuse (sections 761-A, 763) and enables the court to order emergency, temporary, or interim relief to those victims on an *ex parte* basis (section 765), and relief for up to one year after a hearing (section 766). The protective order underlying Haley's prosecution was issued after a hearing and was to remain in effect for one year, making it subject to the provisions of section 766. At the time Haley's conduct is alleged to have occurred, section 766(1)(A) authorized the issuance of a protective order "[d]irecting the defendant to refrain from threatening, assaulting, molesting, attacking or otherwise abusing the plaintiff and any minor children residing in the household." No-

ticeably missing from this statutory language is the word "harassing."[1]

Haley maintains that he cannot be convicted of violating the protective order on the basis of harassing conduct if the legislature has not provided that such conduct is punishable as a criminal offense. In the circumstances present here, we agree. 17-A M.R.S.A. § 3(1) (1983) provides:

1. No conduct constitutes a crime unless it is prohibited

A. By this code; or

B. By any statute or private act outside this code, including any rule, regulation or ordinance authorized by and lawfully adopted under a statute.

The official comment following section 3 explains that the "section declares an end to the largely unused power of courts to find conduct to be criminal even if it is not specifically made a crime by some statute." Because the version of section 766 applicable to Haley's case did not specifically make harassing conduct a crime, that portion of the complaint charging Haley with harassing Katherine must be dismissed because it does not charge a criminal offense.[2] *State v. Scott*, 317 A.2d 3, 7 (Me. 1974) (complaint dismissed because it did not allege an offense); *see also* M.R.Crim.P. 12(b)(2) ("failure of the ... complaint to charge an offense shall be noticed and acted upon by the court at any time during pendency of the proceeding.") To the extent that the State, in drafting the complaint, relied on the language of the protective order, that reliance was misplaced. A protective order provides a defendant with notice. It is the statute that defines the proscribed conduct. *State v. Hills*, 574 A.2d 1357, 1358 (Me.1990).

■ Haley's conviction could be upheld if the conduct proved by the State fit any of the other violations with which Haley was charged, i.e., threatening, assaulting, molesting, attacking, or otherwise abusing Katherine. There is insufficient evidence, however, to convict Haley of any of these types of conduct. Katherine testified that Haley telephoned her numerous times asking her to take him back and threatening to kill himself if she did not. Based on the evidence, the only possible violation for which Haley could be convicted is for "otherwise abusing" Katherine.

The State argues that a portion of the definition of abuse given in 19 M.R.S.A. § 762(1) fits Haley's conduct. We disagree. Section 762(1) provides in part:

"Abuse" means the occurrence of the following acts between family or household members ...

B. Attempting to place or placing another in fear of bodily injury through any course of conduct including, but not limited to, threatening, harassing or tormenting behavior[.]

Although harassing conduct is specifically mentioned, the definition also requires that a defendant attempt to place or place *another* in fear of bodily injury. There was no evidence in this case that Haley attempted to place or placed Katherine in fear of bodily injury. The only injury Haley threatened was injury to himself. Therefore, the evidence was insufficient to convict Haley on the basis that he "otherwise abused" Katherine.

■ Finally, relying on *State v. Higgins*, 338 A.2d 159 (Me.1975), the State argues that Haley's appeal is an impermissible col-

---

**1.** In P.L.1991, ch. 760, § 10 (effective June 30, 1992), the legislature amended section 766(1)(A) to read:

Relief granted under this section may include:
A. Directing the defendant to refrain from threatening, assaulting, molesting, *harassing,* attacking or otherwise abusing the plaintiff and any minor children residing in the household.

(Emphasis added.) Because of this amendment, it is unlikely that the issues posed by Haley's appeal will be raised by others similarly charged.

**2.** In subsection (1)(K) of section 766, the legislature included a catchall provision allowing the court to enter "any other orders determined necessary or appropriate in the discretion of the court." Although it was possible for the District Court to prohibit Haley from harassing Katherine under section 766(1)(K), Haley's violation of such an order could not have resulted in a criminal complaint charging a Class D offense. 19 M.R.S.A. § 769 provides that violation of section 766(1)(K) must be treated as contempt.

lateral attack on the protective order.[3] We do not agree. In *Higgins*, the defendant, charged with operating after suspension (OAS), sought to challenge on constitutional grounds the implied consent statute under which his license had been suspended. Higgins had taken no action at the time of his suspension, and we refused to allow him to mount a collateral attack during the OAS proceeding. *Id.* at 161; *see also State v. St. Hilaire*, 543 A.2d 824, 826–27 (Me. 1988) (defendant may not challenge designation as habitual offender in appeal from conviction for operating while an habitual offender). In this case, Haley is not attempting to challenge the legality of the protection from abuse statute, nor is he challenging the protective order itself. Rather, he challenges the criminal complaint brought against him on the basis that the legislature has not defined his conduct as criminal. We agree with Haley that a court cannot convict and punish a defendant absent statutory authority. *See* 17-A M.R.S.A. § 3(1); *see also Hills*, 574 A.2d at 1358 (harassment statute, not protective order, defines proscribed conduct). Moreover, assuming Haley is mounting a collateral attack similar to *Higgins* and *St. Hilaire*, Haley's situation is distinguishable because he could not have obtained any meaningful relief by directly appealing the protective order.[4]

The entry is:

Judgment vacated. Remanded to the Superior Court for remand to the District Court for entry of a judgment of acquittal.

All concurring.

---

3. The State points to the statutory provision allowing an appeal of a protective order. 19 M.R.S.A. § 768. Haley did not appeal the order at issue here.

4. Had Haley appealed the order on the basis that section 766(1)(A) did not include harassing conduct, the court likely would have denied his appeal, relying on subsection (1)(K), which provides that a court may enter "any other orders determined necessary." Nor could an appeal have addressed the precise issue here presented, i.e., whether harassing conduct can be punished as a criminal offense, because at the time of the appeal, a violation of the protective order would not yet have occurred. *See supra* note 2.