STATE OF MAINE                                  SUPERIOR COURT
PENOBSCOT, ss                                   CIVIL ACTION
                                                DOCKET NO. AP-2003-27
                                                A MM — PC N - 3/17/2005

RICHARD M. MCCUE,                  )            DC ND L ~~~~~
                                   )                 L ~~~~
              Petitioner           )
                                   )            JUN 10 2005
v.                                 )
                                   )                DECISION AND
MAINE SECRETARY OF STATE           )                ORDER
                                   )
and                                )
                                   )     ┌─────────────────────────┐
                                   )     │   FILED & ENTERED        │
BUREAU OF MOTOR VEHICLES,          )     │   SUPE IOR COURT         │
                                   )     │                          │
              Respondents          )     │      MAR 17 2005         │
                                   )     │                          │
                                         │   PENOBSCOT COUNTY       │
                                         └─────────────────────────┘

This matter is before the Court on appeal pursuant to 5 M.R.S.A. §§11001-11008 (Supp. 2004) and Rule 80C of the Maine Rules of Civil Procedure from a decision of the Respondents, Secretary of State (herein "**Secretary**") and Bureau of Motor Vehicles (herein "**BMV**"), revoking the Petitioner's license after finding that he fell within the definition of a "habitual offender" under 29-A M.R.S.A. § 2555. The Court will affirm the decision.

## Background

On November 25, 1998, McCue's license was revoked on the grounds that he was a habitual offender under 29-A M.R.S.A § 2551. The status was based on a number of violations of motor vehicle laws. On November 25, 1999, McCue's privilege to operate a motor vehicle was conditionally restored under section 2554. He was notified that if he committed any offense listed in 29-A M.R.S.A. § 2551, his operating privileges would be revoked again as a habitual offender under section 2555. He was also informed that a

1

condition of his restoration was that had to file proof of liability insurance until November 26, 2002. On April 15, 2002, McCue was stopped and charged with operating after suspension (herein "**OAS**"). This suspension was in place, because of McCue's failure to show or maintain proof of coverage since the conditional reinstatement of his privileges in 1999. McCue was convicted of OAS due to this suspension on June 27, 2002. On August 15, 2002, McCue's license was also suspended for an administrative points violation because of this conviction and previous point producing violations. This suspension was for sixty days and would have expired on October 4, 2002 if McCue had paid the reinstatement fee. However, McCue did not pay the fee until November 8, 2002, so the administrative suspension remained in place until that date. On October 25, 2002, McCue was stopped and charged with OAS based on the financial responsibility and administrative suspensions that were still in place. McCue was convicted of OAS for this offense on April 17, 2003.

On or before June 25, 2003 the Secretary notified McCue that his license was revoked pursuant to the habitual offender statute. McCue requested a hearing that was held on August 12, 2003. McCue argued that it was improper for the Secretary to revoke his license as a habitual offender, because of an exception to the definition of a habitual offender in 29-A M.R.S.A. § 2551 that states that a person cannot be defined as a habitual offender if "all of the convictions or adjudications are based on the offense of operating a motor vehicle after suspension when the license wad been originally suspended for a failure to give or maintain proof of financial responsibility." Id. at § 2551(3).

After taking evidence, the Hearing Officer concluded that McCue was a habitual offender and that his license was properly revoked. The Hearing Officer set forth two

2

bases for her conclusion. First, she found that the revocation was not based *solely* on the OAS for failure to prove financial responsibility, but was also based on the administrative suspension was still in place. Second, the Hearing Officer based her decision on three previous adjudications relating to financial obligations plus the administrative suspension. This basis was essentially an extension of the first basis. Further, the Hearing Officer noted that the 1999 restoration was conditioned on McCue showing proof of insurance coverage until November 26, 2002. The Hearing Officer found this was itself sufficient basis for the Secretary to revoke McCue's restoration of driving privileges and she denied McCue's petition. This appeal followed.

## DISCUSSION

### A. Standard of Review

The Court's review of the Respondents' determination is very limited. Agency rulings may be reversed or modified on appeal only if the Court determines that they are: (1) in violation of constitutional or statutory provisions, (2) in excess of the statutory authority of the agency, (3) made upon unlawful procedure, (4) affected by bias or error of law, (5) unsupported by substantial evidence on the whole record or (6) arbitrary or capricious or characterized by abuse of discretion. 5 M.R.S.A § 11007(4)(C) (Supp. 2004).

The Court may not substitute its judgment for that of the agency merely because the evidence could give rise to more than one result. Dodd v. Sec'y of State, 526 A.2d 583, 584 (Me. 1987). "The burden of proof clearly rests with the party seeking to overturn the decision of an administrative agency." Seven Islands Land Co. v. Maine Land Use Regulation Comm'n., 450 A.2d 475, 479 (Me. 1982). In cases where

conflicting evidence is presented, the Law Court has repeatedly held that such conflicts are for the fact finder to resolve. <u>Bean v. Maine Unemployment Ins. Comm'n, 485 A.2d 630, 634 (Me. 1984)</u>.

## B. Applicable Law.

### 1.     *Revocation Based on the Financial Responsibility and Administrative Suspensions*

The statute defines a habitual offender as a person who has "accumulated 3 or more convictions or adjudications for distinct offenses described below, arising out of separate acts committed within a 5-year period." Operating after suspension, in violation of section 2412-A is listed as one of the offenses. However, a person cannot be defined as a habitual offender when *all* of the convictions or adjudications are based "on the offense of operating a motor vehicle after suspension when the license had been originally suspended for a failure to give or maintain proof of financial responsibility." 29-A M.R.S.A. § 2551(3). Section 2555 states that a person can be re-classified as a habitual offender after having their privileges reinstated under section 2554 if the person commits a new violation under section 2551 within five years of the restoration. This is the section that re-classified McCue as a habitual offender

The BMV argues that the Hearing Officer based the revocation and habitual offender status on the suspension for financial responsibility *and* the administrative suspension, therefore the revocation was not based *only* on the financial responsibility suspension.

McCue argues that it was an error for the Hearing Officer to affirm the revocation of his license, because the second administrative suspension was only "technically" still

in place, because he had not yet paid the reinstatement fee. Secondly, he argues that the administrative suspension arose from the financial responsibility suspension and, thus, the license "had been originally suspended for failure to give or maintain proof of financial responsibility." Id. at § 2551(3).

However, the fact remains that McCue was under suspension for two different reasons when he was stopped on October 25, 2002. The fact that McCue chose not to pay the reinstatement fee in order for the administrative suspension to be lifted does not change the fact that his license was still suspended up to that point. In fact, such "expired" suspensions are proper grounds for convictions for OAS. See State v. St. Hilaire, 543 A.2d 824, 827 (Me. 1988); State v. Vosmus, 431 A.2d 621, 632-24 (Me. 1981). If such a suspension is properly used to convict an individual of a crime, it is much easier to imagine its proper use in issuing administrative sanctions. Further, McCue's license was *originally* suspended for failure to show financial responsibility *and* for a separate points violation. A points violation suspension is different than the financial responsibility suspension. These are two separate violations and could be viewed as separate violations by the Hearing Officer. McCue, bearing the burden in this case, has pointed to no law that would require the Hearing Officer to view two suspensions as essentially the same for purposes of the habitual offender statute.

The other statutory sections that McCue cites to support his argument that financial consideration should have a material impact on this case do not address the issue. A plain reading of the statute and a simple application of the facts support the conclusion that the Hearing Officer had ample evidence to find that the revocation was

5

not based *only* on the financial responsibility suspension and that the administrative suspension was a separate and valid offense to classify McCue as a habitual offender.

2.   *Revocation based on McCue's "record as a whole"*

Despite the fact that the Hearing Officer's first rationale is valid, her alternative rationale should also be examined. 29-A M.R.S.A § 2554 grants the Secretary the power to relieve an individual from habitual offender status and restore that individual's license and privileges. However 29-A M.R.S.A. § 2555 states that the Secretary shall revoke the license of a person whose license had been restored under § 2554 when, "[t]he person commits a new offense under section 2551 and, within 5 years preceding the date of that new offense, the person's record show accumulated convictions or adjudications, including the new offense which results in that person being defined as an habitual offender under section 2551.

The Hearing Officer set forth the alternative rationale that the latest administrative violation was just the latest violation and she looked to three previous financial responsibility violations combined with the administrative suspension to find that the habitual offender status and revocation were proper.

McCue argues that Hearing Officer had no right to look at McCue's driving record "as a whole." He argues that the Hearing Officer was relying on other "undefined offenses at hearing" because the "Notice of Revocation and Opportunity for Hearing" did not include any other offenses other than the financial responsibility and administrative OAS convictions. BMV argues that the Hearing Officer was not looking beyond the convictions and adjudications that could have resulted in a habitual offender determination and was proper.

The BMV is correct. The Hearing Officer, in putting forth her second theory, was simply reiterating her first point, i.e. that McCue was a habitual offender for reasons not *solely* based on violations relating to failures to show financial responsibility. Furthermore, the Hearing Officer based her second theory on the fact that McCue's reinstatement of privileges was conditioned on him showing financial responsibility and that the Secretary was entitled to revoke the conditional reinstatement for his failure to comply. An examination of the notice reveals that while it only enumerates the financial responsibility and administrative offenses it also states that the revocation was based on 29-A M.R.S.A. § 2555, which, by its terms, opens the door to previous violations.

The Secretary is entitled to re-classify an individual as a habitual offender under 29-A M.R.S.A. § 2555(2) if a person commits a new offense under § 2551 and the person overall record shows accumulated convictions or adjudications that brings an individual under the habitual offender classification under § 2551.

## CONCLUSION

For the foregoing reasons, the Court will affirm the Respondents' decision that the Petitioner fell within the definition of a habitual offender and its revocation of the Petitioner's license pursuant to 29-A M.R.S.A. §§ 2551 and 2555 was proper. Accordingly, the entry is:

Decision of the Respondents, Maine Secretary of State and Bureau of Motor Vehicles, is **AFFIRMED**.

The Clerk may incorporate this Decision and Order into the docket by reference.

DATED: March 16, 2007

Andrew M. Mead
**Justice, Maine Superior Court**

Date Filed ____9/10/03____ ____Penobscot____ Docket No. _AP-2003-27_
County

Action ____Rule 80C Appeal____
**ASSIGNED TO JUSTICE ANDREW M. MEAD**

| RICHARD W. MCCUE | Petitioner | VS. | MAINE SECRETARY OF STATE, BUREAU OF MOTOR VEHICLES | Responden |

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| BERMAN & SIMMONS<br>P O BOX 961<br>LEWISTON ME 04243-0961<br>BY: DAVID J. VAN DYKE, ESQ. | STATE OF MAINE DEPT OF THE ATTORNEY GENE<br>6 STATE HOUSE STATION<br>AUGUSTA ME 04333-0006<br>BY: JOSEPH WANNEMACHER, AAG<br>       PHYLLIS GARDINER, AAG |

| Date of Entry | |
|---|---|
| 9/10/03 | Petition for Review (Appeal of BMV Administrative Suspension) filed. |
| 9/12/03 | Notice of Assigned Justice filed. Pursuant to Administrative Order, Sing Justice Assignment of Civil Cases, Docket No. SJC-323, the above referenc case is specially assigned to Justice Andrew M. Mead. /s/ Margaret Gardner, Clerk  Copy forwarded to attorney for Plaintiff. |
| 10/3/03 | By letter, Entry of Appearance by Joseph Wannemacher, AAG on behalf of the Respondent filed. Copy of Notice of Assigned Justice forwarded to at Wannemacher. |
| 10/3/03 | Certified Copy of the Complete Record (including hearing transcript and a tape) filed. |
| 10/9/03 | By letter, Entry of Appearance by Phyllis Gardiner, AAG  on behalf of Respondent, State, Bureau of Motor Vehicles filed. |
| 10/14/03 | Notice and Briefing Schedule forwarded to all attorneys of record. |
| 11/10/03 | Brief of Petitioner Rule 80C Appeal of Final Agency Action filed. |
| 12/8/03 | Respondent's Motion for Enlargement of Time to File Rule 80C Brief filed. |
| 12/16/03 | Court's ruling on Respondent's Motion for Enlargement of Time to File Rule 80C Brief filed 12/8/03; Granted. Extended to 1/14/04. (Mead, J.) Copy forwarded to all attorneys of record. |
| 1/14/04 | Brief of Respondent Bureau of Motor Vehicles filed. |
| 2/17/05 | Attorneys of record notified of Oral Argument on 80C Appeal set for 3/8/0 at 10:30 A.M. before Justice Andrew M. Mead. |